BRAUNHAGEY LLP
Matthew Borden, Esq.
borden@braunhagey.com
2907 Claremont Avenue, Suite 220
Berkeley, CA 94705
Office: (415) 599-0212
Fax: (415) 276-1808
www.braunhagey.com

LUJAN AGUIGUI & PEREZ LLP
David J. Lujan, Esq.
Ignacio C. Aguigui, Esq.
Delia S. Lujan, Esq.
300 DNA Building
238 Archbishop Flores Street
Hagåtña, Guam 96910
Tel: (671) 477-8064
Fax: (671) 477-5297

Attorneys for Plaintiffs *GMP Hawaii, Inc., dba GMP Associates,*
*and Ohio Pacific Tech, Inc., dba GMP Associates, Inc.*

**FILED**
DISTRICT COURT OF GUAM

APR 12 2011

JEANNE G. QUINATA
CLERK OF COURT

## IN THE DISTRICT COURT OF GUAM

## TERRITORY OF GUAM

| | |
|---|---|
| GMP HAWAII, INC., a Hawaii corporation doing business as GMP ASSOCIATES, and OHIO PACIFIC TECH, INC., an Ohio corporation doing business as GMP ASSOCIATES, INC., | CIVIL ACTION NO. **11 – 00010** |
| Plaintiffs, | **COMPLAINT FOR BREACH OF CONTRACT, BAD FAITH, DECLARATORY AND INJUNCTIVE RELIEF** |
| vs. | |
| LEXINGTON INSURANCE COMPANY, a Massachusetts corporation, | |
| Defendant. | |

1

COMES NOW Plaintiffs GMP Hawaii, Inc. and Ohio Pacific Tech, Inc. (collectively "GMP" or "Plaintiffs"), by and through their attorneys, for their Complaint for Breach of Contract, Bad Faith, Declaratory and Injunctive Relief against Plaintiffs' insurance company, Defendant Lexington Insurance Company ("Lexington Insurance" or "Defendant") and allege as follows:

1.  GMP brings this action to prevent Lexington Insurance from multiplying the proceedings between the parties and undermining the jurisdiction of this Court, and to ensure that Lexington Insurance honors its obligation to defend and indemnify GMP pursuant to Guam law and Lexington Insurance's obligations under its insurance policy with GMP.

2.  GMP and Lexington Insurance are parties to a lawsuit filed almost three years ago pending before this Court, *Maeda Pacific Corp. v. GMP Hawaii, Inc. et al.*, Civil Case No. 08-00012 (D. Guam) (the "Maeda Action"). Lexington Insurance is named in that action pursuant to Guam's direct action statute, 22 G.C.A § 18305, which was enacted to ensure that insurance carriers appear to satisfy claims regarding accidents on Guam. Lexington Insurance accepted the Court's jurisdiction in the Maeda Action and filed an Answer denying liability and raising affirmative defenses based on the insurance contract at issue.

3.  While the parties were trying to settle the Maeda Action, Lexington Insurance denied coverage and did not participate in settlement negotiations. Lexington Insurance's technical defense to coverage – that GMP failed to give proper notice under the policy, even though Lexington Insurance was not prejudiced in any manner – is manifestly contrary to the law and public policy.

4.  On February 15, 2011, without seeking leave from this Court or notifying GMP, Lexington Insurance filed an arbitration demand against GMP in the State of Massachusetts, asserting the same defenses already raised in the pending Maeda Action. The insurance contract at issue expressly precludes arbitration of such claims, which Lexington Insurance already had waived in any event by submitting the issue to this Court. Lexington Insurance also named Maeda as a party to the Massachusetts arbitration, even though Maeda is not a party to the insurance contract.

5.  Lexington Insurance's conduct is a naked attempt to forum shop and to force GMP to waste resources defending itself in a duplicative, concurrent action in a distant jurisdiction, regarding the same parties, claims and issues. GMP respectfully asks that the Court enjoin

Lexington Insurance from pursuing this duplicative arbitration and order it to defend and indemnify GMP as it is contractually obligated to do.

**Jurisdiction and Venue**

6.  Jurisdiction is vested in this Court pursuant to 28 U.S.C. §1332.

7.  The parties are citizens of different states.

8.  The matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

9.  Venue is proper in this judicial district under 28 U.S.C. 1391 because this insurance coverage dispute concerns litigation before this Court, because Lexington Insurance has already submitted its insurance coverage dispute to this Court for adjudication, because the underlying litigation concerns events, witnesses and evidence in this district, because Lexington Insurance agreed to submit to the jurisdiction of this Court in the parties' insurance policy, and because Lexington Insurance, upon information and belief, has sold insurance products in this district.

**Parties**

10.  Plaintiff GMP Hawaii, Inc. and Plaintiff Ohio Pacific Tech., Inc., formerly known as GMP Associates, Inc. (collectively "GMP"), are a Hawaii and an Ohio corporation, respectively. GMP is a multi-disciplinary engineering firm with an office in Tamuning, Guam, that has done numerous projects in Guam and all over the Pacific region.

11.  Defendant Lexington Insurance Company is a corporation having its principal place of business in Massachusetts.

**General Allegations**

**A. GMP's Purchase of Insurance from Lexington Insurance**

12.  GMP is a longstanding customer of Lexington Insurance's architects and engineering insurance division.

13.  In December 2007, GMP automatically renewed its existing year-to-year insurance policy with Lexington Insurance (the "Policy"). The Policy is a claims-made and reported architects and engineers professional liability insurance agreement with a limit of liability of

3

$1,000,000 for each claim and $1,000,000 policy aggregate, subject to a $75,000 per claim deductible.

14.     Pursuant to the Policy, Lexington Insurance agreed to defend and indemnify GMP from any claims that were brought against GMP regarding any alleged negligence relating to construction projects, including projects on Guam.

15.     The Policy was continuously effective during the relevant time period for coverage, including for the period between December 2007 to December 2008 – *i.e.*, when Maeda filed the Maeda Action in this Court.

**B.     The Maeda Litigation**

16.     The Maeda Action was filed in this Court on August 14, 2008 against, *inter alia*, GMP. The complaint seeks damages in excess of one million dollars with regard to the design and construction of a water reservoir tank at the Andersen Airforce Base on Guam that had collapsed.

17.     The relevant contractors, engineers, property owners, regulators and other pertinent witnesses related to the Maeda Action reside almost entirely on Guam.

18.     GMP timely notified Lexington Insurance of the lawsuit and demanded coverage by the carrier.

19.     On February 24, 2009, Maeda filed its First Amended Complaint in the Maeda Action, naming Lexington Insurance as a defendant pursuant to Guam's direct action statute, 22 G.C.A § 18305, invoking its right under Guam law to have this Court determine whether coverage under the Policy exists. A true and correct copy of the operative Maeda complaint is attached hereto as **Exhibit A**.

20.     On May 21, 2009, Lexington Insurance appeared in the Maeda Action before this Court and answered Maeda's First Amended Complaint. In its Answer, Lexington Insurance affirmatively asserted, *inter alia*, that "Lexington denies liability" under the Policy. A true and correct copy of Lexington Insurance's Answer is attached hereto as **Exhibit B**.

21.     The Maeda Action has been an active and complex case with over 200 docket entries. Over the almost three years of litigation, the Court has adjudicated multiple motions,

including motions for summary judgment and good faith settlement, has had multiple hearings, and has certified questions of state law to the Guam Supreme Court for answers. Extensive discovery (more than 10 depositions) and significant paper discovery also has occurred. A true and correct copy of the docket report in the Maeda Action is attached as **Exhibit C**.

22.     Over a year after it appeared in the Maeda Action, on October 6, 2010, Lexington Insurance sent a letter (the "Denial of Coverage Letter") to GMP advising GMP that the carrier would not indemnify GMP for any judgment or settlement ultimately rendered or achieved in the Maeda Action, but that it would continue to provide a defense to GMP under a reservation of rights and may seek reimbursement for such defense expenses at a later date.

23.     On February 17, 2011, without prior notice to this Court or GMP, Lexington Insurance submitted an arbitration demand to the American Arbitration Association in Massachusetts. The demand seeks a ruling regarding the same claims and defenses presented in the Maeda Action, namely whether there is coverage available to GMP under the Policy for the claims alleged in the Maeda Action.

24.     Pursuant to the insurance policy, the parties never agreed to arbitrate coverage disputes; they only agreed to submit issues of policy interpretation to arbitration.

25.     Under the Policy, claims for breach of the Policy must be submitted to "a court of competent jurisdiction." Specifically, Section P of the Policy ("Service of Suit") provides, in relevant part:

> In the event of failure of the Company to pay any amount claimed to be due hereunder, the Company, at the request of the Insured, will submit to the jurisdiction of a court of competent jurisdiction within the United States.

26.     The exclusive basis for denying coverage asserted by Lexington Insurance in the purported arbitration is that GMP failed to give timely notice under the policy. As set forth above, GMP did provide timely notice. Moreover, Lexington Insurance does not claim that it was prejudiced in any way by the supposed lack of notice, rendering this technical defense void. Nonetheless, after denying coverage, Lexington Insurance refused to participate in further settlement discussions.

5

27. GMP will suffer irreparable injury if it is forced to defend against Lexington Insurance's bogus claims in Massachusetts while simultaneously litigating the Maeda Action.

## First Claim for Relief

## Breach of Contract

28. GMP incorporates by reference the facts and allegations set forth in each of the preceding paragraphs as though fully set forth herein.

29. The Policy is a binding agreement between the parties.

30. GMP has performed all of its obligations under the Policy.

31. Through the conduct alleged above, Lexington Insurance has breached the Policy.

32. As a direct and proximate result of Lexington Insurance's breaches of the Policy, GMP has been harmed in an amount to be proven at trial.

## Second Claim for Relief

## Breach of the Covenant of Good Faith and Fair Dealing

33. GMP incorporates by reference the facts and allegations set forth in each of the preceding paragraphs as though fully set forth herein.

34. Every contract has an implied covenant of good faith and fair dealing. The implied covenant of good faith requires, *inter alia*, that an insurer make reasonable efforts to settle lawsuits against its insureds and that it not work to otherwise undermine an insured's reasonable expectation of benefits under the applicable policy.

35. Lexington Insurance breached the covenant of good faith through the conduct alleged herein, including without limitation, by denying coverage on improper, technical grounds, refusing to participate in settlement discussions, and filing an arbitration demand in a distant forum, concerning disputes that the parties never agreed to submit to arbitration while simultaneously litigating the issue in this Court.

36. Lexington Insurance has engaged in oppressive conduct and acted in reckless and wanton disregard of GMP's rights. Because of the willful, wanton, vile, and intentional nature

6

of Lexington Insurance's wrongdoing as alleged herein, and its abuse of its positions of trust, Lexington Insurance is liable for punitive damages in an amount to be determined at trial.

## Third Claim for Relief

### Declaratory Judgment

37.     GMP incorporates by reference the facts and allegations set forth in each of the preceding paragraphs as though fully set forth herein.

38.     An actual case and controversy exist between Plaintiffs and Lexington Insurance that may be adjudicated by this Court consistent with U.S. CONST. art. III, § 2, cl. 1.

39.     Lexington Insurance has taken action by sending the Denial of Coverage Letter and by filing the Demand for Arbitration, which threaten to violate Section P of the Policy (Service of Suit).

40.     Plaintiffs are entitled to bring action to determine coverage for the Maeda Action under the Policy, and they have a real and reasonable apprehension that if they do not bring this action that Lexington Insurance will deny coverage and demand reimbursement for defense costs already paid.

41.     Plaintiffs seek declaratory judgment under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202 that Lexington Insurance is required to provide defense and indemnity coverage to Plaintiffs in the Maeda Action under the Policy.

## Prayer for Relief

WHEREFORE, Plaintiffs respectfully ask that this Court:

1.     Award compensatory damages in an amount to be proven at trial;

2.     Award punitive damages in an amount to be proven at trial;

3.     Issue a declaratory judgment that Lexington Insurance is required to provide defense and indemnity coverage to GMP in the Maeda Action under the Policy;

4.     Issue a declaratory judgment that GMP is not required to arbitrate the issues Lexington Insurance has attempted to submit to arbitration;

5.     Enjoin Lexington Insurance from pursuing arbitration in Massachusetts;

7

6.    Award Plaintiffs any and all costs and expenses, including attorney fees, incurred in bringing this action; and

7.    Award such other and further relief as the Court deems just and proper.

Submitted this ⏐⏐ th day of April, 2011.

BraunHagey LLP
Attorneys at Law
Attorneys for *GMP Hawaii, Inc., dba GMP Associates,
and Ohio Pacific Tech, Inc., dba GMP Associates, Inc.*

By: _____
    Matthew Borden

_____
IGNACIO C. AGUIGUI
LUJAN AGUIGUI & PEREZ LLP

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial of all claims and causes of action triable before a jury.

Dated: April 11, 2011

BraunHagey LLP
Attorneys at Law
Attorneys for *GMP Hawaii, Inc., dba GMP Associates, and Ohio Pacific Tech, Inc., dba GMP Associates, Inc.*

By: _____
Matthew Borden

_____
IGNACIO C. AGUIGUI
LUJAN AGUIGUI + PEREZ LLP

# EXHIBIT A

1  **TEKER TORRES & TEKER, P.C.**
   SUITE 2A, 130 ASPINALL AVENUE
2  HAGÅTÑA, GUAM 96910
   TELEPHONE: (671) 477-9891-4
3  FACSIMILE: (671) 472-2601

4  *Attorneys for Plaintiff*
   *Maeda Pacific Corporation*

5

6

7

8                  IN THE DISTRICT COURT OF GUAM

9                          ----------

10  MAEDA PACIFIC CORPORATION, a          )    CIVIL CASE NO. 08-00012
    Guam corporation,                     )
11                                        )
                Plaintiff,                )
12                                        )
                  vs.                     )    **FIRST AMENDED COMPLAINT**
13                                        )
    GMP HAWAII, INC., a Hawaii corporation, )
14  doing business as GMP ASSOCIATES, OHIO )
    PACIFIC TECH, INC., a Ohio corporation, )
15  doing business as GMP ASSOCIATES, INC., )
    (collectively "GMP"), and their insurance )
16  company, LEXINGTON INSURANCE        )
    COMPANY, JORGENSEN & CLOSE          )
17  ASSOCIATES, INC., a Colorado corporation, )
    and its insurer, U.S. SPECIALITY       )
18  INSURANCE COMPANY,                   )
                                         )
19              Defendants.              )

20                          ----------

21  ///

22  ///       ORIGINAL

23  ///

1

## I.

2

## JURISDICTION

3      1.      Jurisdiction is founded on diversity of citizenship pursuant to 28.U.S.C. § 1332.

4      2.      Plaintiff Maeda Pacific Corporation ("Maeda Pacific") is a Guam corporation, having

5      its principal place of business in the territory of Guam.

6      3.      Defendant GMP Hawaii, Inc. is a Hawaii corporation doing business as GMP

7      Associates. Defendant Ohio Pacific Tech, Inc. is an Ohio corporation also affiliated and doing business

8      as GMP Associates, Inc.. These Defendants and their assumed business names and affiliates will be,

9      for purposes of this Complaint, collectively referred to as "GMP."

10      4.      Defendant Lexington Insurance Company, is a Delaware corporation, and at all times

11      herein mentioned there was a policy of insurance by the terms of which Defendant Lexington Insurance

12      Company agreed to pay any losses within the terms and limits of the policy by reason of liability

13      imposed on Defendants GMP for damages incurred by any person or organization as a result of GMP's

14      negligence, errors or omissions.

15      5.      Defendant Jorgensen & Close Associates, Inc. ("J&C") is a Colorado corporation.

16      6.      Defendant U.S. Specialty Insurance Company is a Texas corporation, and at all times

17      herein mentioned there was a policy of insurance by the terms of which Defendant U.S. Speciality

18      Insurance Company agreed to pay any losses within the terms and limits of the policies by reason of

19      liability imposed on Defendant J & C for damages incurred by any person or organization as a result

20      of J&C's negligence, errors or omissions.

21      7.      The matter in controversy exceeds, exclusive of interest and costs, the sum of Seventy-

22      Five Thousand Dollars ($75,000.00).

23      ///

TEKER TORRES & TEKER, P.C.
SUITE 2A, 130 ASPINALL AVENUE
HAGATNA, GUAM 96910
TELEPHONE (671) 477-9891-4

Case 1:08-cv-00012   Document 54   Filed 02/24/09   Page 12 of 66
Case 1:11-cv-00016   Document 1   Filed 04/12/11   Page 12 of 66

II.

## GENERAL ALLEGATIONS

8. Prior to December 1, 2004, Maeda Pacific commenced the process of preparing a Proposal for the design and construction of an off-base water supply system for Andersen Air Force Base on the Island of Guam. In connection therewith, Maeda Pacific engaged GMP to act as its designer for the design/build project, and to conduct both value engineering in connection with the procurement process and to provide quality control in the event Maeda Pacific was awarded the contract.

9. Following the Government's acceptance of Maeda Pacific's Proposal and, in connection therewith, Maeda Pacific and GMP formally entered into an agreement for the design, value engineering and quality control processes of the procurement, whereby GMP agreed to perform those tasks for a total fee of Nine Hundred Eighty-One Thousand Two Hundred Forty Dollars ($981,240.00). During the course of performance of its design work, Change Orders #1, #2 and #3 were executed by Maeda Pacific and GMP, bringing the total fee of GMP to One Million Five Hundred Fifty-Five Thousand Nine Hundred Sixty-Six Dollars and Seventy Cents ($1,555,966.70).

10. In addition to utilizing and relying upon the accuracy and completeness of GMP's design, Maeda Pacific entered into a subcontract agreement with Smithbridge Guam, Inc. ("Smithbridge") for construction of the reservoir tank and appurtenant sections. In connection therewith and in concert with Smithbridge, Maeda Pacific approved and paid for structural engineering design to be performed by J&C, which included evaluation and design of all aspects of the reservoir tank, including precast and prestress members, as well as the reservoir roofing plan, which was to be implemented in connection with the procurement.

///

TEKER TORRES & TEKER, P.C.
SUITE 2A, 130 ASPINALL AVENUE
HAGÅTÑA, GUAM 96910
TELEPHONE: (671) 477-9891-4

1    11.    Maeda Pacific was a third party beneficiary of the design contract between Smithbridge

2    and J&C, paid for J&C fees, and specifically relied upon J&C's expertise to properly design the

3    reservoir, including all appurtenant portions, including the roof thereof.

4    12.    Upon award of the contract, which was officially known as Contract No. N62742-01-C-

5    1355-Replace Off-Base Water Supply System-Andersen Air Force Base, Guam, design work by GMP

6    and J&C commenced.

7    13.    Previously, the Government had prepared a set of General Specifications which were

8    understood to be utilized by GMP and J&C in connection with their preparation of the final design

9    specifications and design drawings for construction purposes.

10    14.    In connection with the commencement of design activities, Maeda Pacific and GMP

11    entered into an agreement, a copy of which is attached hereto as Exhibit "A" (page 1) and incorporated

12    herein. Change Orders were executed during the course of the work, as alleged above, copies of which

13    are collectively attached as Exhibit "A" (pages 2 through 8). In connection with said agreement, GMP

14    agreed to design the large water reservoir tank to be built pursuant to the prime contract and agreed to

15    utilize its best professional skill and knowledge to prepare the Plans and Specifications and other

16    information, and the ultimate design for said tank.

17    15.    J&C similarly agreed to utilize their best professional skill and knowledge to assist in

18    connection with the preparation of all structural and related design work in connection with the

19    procurement.

20    16.    During the course of the design work, both Defendants GMP and J&C were specifically

21    aware of the venting requirements which were set forth in the General Design Specifications furnished

22    by the Department of the Navy.

23    ///

TEKER TORRES & TEKER, P.C.
SUITE 2A, 130 ASPINALL AVENUE
HAGÅTÑA, GUAM 96910
TELEPHONE: (671) 477-9891-4

Case 1:08-cv-00012   Document 54   Filed 02/24/09   Page 14 of 66
Case 1:11-cv-00016   Document 1   Filed 04/12/11   Page 14 of 66

17. Maeda Pacific has performed all conditions precedent, conditions and obligations on its part to be performed.

18. Defendants Lexington Insurance Company and U.S. Speciality Insurance Company, by virtue of their policies of insurance, are liable at least to the limits of their liability for the claims asserted herein.

## III.

## COUNT ONE - NEGLIGENCE

19. Maeda Pacific realleges and incorporates herein the allegations contained in paragraphs 1 through 18.

20. Defendants GMP and J&C were negligent in the design of the water tank by virtue of their failure to provide any vents or ventilating system for the tank, as specifically required by the Department of the Navy General Specifications and as would normally have been required to be included in the design in the exercise of good engineering practice.

21. As a result of the negligence of Defendants, the reservoir roof collapsed as the proximate result of the absence of vents, ventilating systems or ventilators. The proximate cause of the collapse was determined by an independent engineering firm, Wiss, Janney, Elstner Associates, Inc., to be caused by the absence of air vents within the tank. A complete copy of the independent report dated September 5, 2007 is attached hereto and incorporated herein as Exhibit "B".

22. By virtue of the professional negligence of Defendants, Maeda Pacific was required to redesign the tank and reconstruct the roof and appurtenant parts of the tank, all to Maeda Pacific's damage in an amount not less than Five Million Dollars ($5,000,000.00). In addition, Maeda Pacific has been damaged by virtue of the delays occasioned by the collapse, redesign and reconstruction, and is exposed to the imposition of liquidated damages by the owner in an amount in excess of One Million

TEKER TORRES & TEKER, P.C.
SUITE 2A, 130 ASPINALL AVENUE
HAGATNA, GUAM 96910
TELEPHONE: (671) 477-9691-4

Case 1:08-cv-00012 Document 54 Filed 02/24/09 Page 15 of 66
Case 1:11-cv-00016 Document 1 Filed 04/12/11 Page 15 of 66

1  Dollars ($1,000,000.00).

2                                   IV.

3                    COUNT TWO - BREACH OF CONTRACT

4          23.    Maeda Pacific realleges and incorporates herein all of the above allegations.

5          24.    Defendants contractually agreed to provide a design which was consistent with the

6  requirements of the general Department of the Navy Design Manual and to utilize their best engineering

7  and design expertise in the performance of their duties.

8          25.    Defendants materially breached their contract by failing to exercise proper engineering

9  judgment in the design of the reservoir, appurtenant parts and roof thereof, and as a direct and proximate

10  cause of their breaches of contract, Maeda Pacific has been damaged in an amount not less than Five

11  Million Dollars ($5,000,000.00) for redesign, reconstruction costs and related damages and at least One

12  Million Dollars ($1,000,000.00) liquidated damages, all proximately caused by the contract breaches

13  of Defendants.

14                                   V.

15                   COUNT THREE - BREACH OF CONTRACT

16         26.    Maeda Pacific realleges and incorporates herein all of the above allegations.

17         27.    With respect to Defendant GMP, GMP agreed to conduct value engineering services

18  during the course of design, prepare the Operation and Maintenance Support Information or Manual

19  ("OMSI"), prepare as-built drawings, shop drawings and cost overruns, and to provide quality control

20  during the course of performance of the design and construction of the water reservoir, appurtenant

21  portions and roof thereof.

22         28.    In breach thereof, Defendant GMP provided no value engineering for the project and

23  failed to perform the OMSI Manual; and failed to complete the quality control work, to Maeda Pacific's

TEKER TORRES & TEKER, P.C.
SUITE 2A, 130 ASPINALL AVENUE
HAGÅTÑA, GUAM 96910
TELEPHONE (671) 477-9891-4

Case 1:08-cv-00012  Document 54  Filed 02/24/09  Page 16 of 28
Case 1:11-cv-00010  Document 1 -6 Filed 04/12/11  Page 16 of 66

1 | damage in an amount not less than One Million Eight Hundred Thousand Dollars ($1,800,000.00).

2 | WHEREFORE, Maeda Pacific Corporation prays that it be awarded judgment against

3 | Defendants with respect to Counts One and Two of the Complaint in an amount not less than Six

4 | Million Dollars ($6,000,000.00) and, on Count Three against Defendant GMP, in a further amount of

5 | not less than One Million Eight Hundred Thousand Dollars ($1,800,000.00), together with interest,

6 | attorneys fees and costs, and all other and further relief that Maeda Pacific is entitled to.

7 | DATED at Hagåtña, Guam this 23rd day of February, 2009.

8 | **STEWART SOKOL & GRAY, LLC**

9 | **TEKER TORRES & TEKER, P.C.**

11 | By

12 | **SAMUEL S. TEKER, ESQ.**, Attorneys for
Plaintiff, *Maeda Pacific Corporation*

23 | LJT:cs
PLDGS:MAEDA PACIFIC vs. GMP:017

TEKER TORRES & TEKER, P.C.
SUITE 2A, 130 ASPINALL AVENUE
HAGÅTÑA, GUAM 96910
TELEPHONE: (671) 477-9891-4

# TERMS OF AGREEMENT
## ANDERSEN AIR FORCE BASE OFF-SITE WATER SYSTEM DESIGN-BUILD
### BETWEEN
## MAEDA PACIFIC CORPORATION AND GMP ASSOCIATES

| | | |
|---|---|---|
| CONTRACT A - DESIGN: | $ | 645,000.00 |
| CONTRACT B - QUALITY CONTROL: | $ | 336,240.00 |
| TOTAL: | $ | 981,240.00 |

**TERMS AND CONDITIONS AND SCOPE OF WORK:**

As outlined and detailed in the project contract between Maeda Pacific Corporation and Pacific Division Engineering, Naval Facilities Command for the design-build of the Andersen Air Force Base Off-Site Water System.

All legal terms and conditions shall be as outlined in the bid documents.

**VALUE ENGINEERING:**

At the halfway point of construction, MPC and GMP shall evaluate the budgetary status of the project to allot for the $100,000 construction quality control budget shortfall. MPC and GMP shall work diligently to identify the source of savings to fund this shortfall.

Additionally, GMP Associates shall conduct Value Engineering on the bid and 30% design documents provided by the U.S. Navy. Any Value Engineering Savings beyond the $100,000 for construction quality control shall be equally divided between Maeda Pacific and GMP.

**PAYMENT SCHEDULE:**

DESIGN (A):

GMP will bill Maeda Pacific for the design on the basis of monthly progress. Total design fee shall be $645,000.00

CONSTRUCTION QUALITY CONTROL (B):

$43,600/Month (Total: $436,000)

The above terms and conditions represent the parameterss which Maeda Pacific and GMP Associates are operating within in the design-build Andersen Air Force Base Off-Site Water Supply Project. These terms are not intended to be restrictive, rather to facilitate the execution of the project.

_____
Takeo Ando, Maeda Pacific Corporation

_____
Peter B. Melnyk, GMP Associates, Inc.



# MAEDA PACIFIC CORPORATION
## GENERAL CONTRACTOR

June 12, 2006

Peter B. Melnyk, P.E., Ph.D
Executive Vice President
GMP & Associates, Inc.
125 Tun Jesus Crisostomo St.
Sunny Plaza, Suite 306
Tamuning, Guam 96913

Project: Replace Off-Base Water Supply System Design-Build, AAFB
Contract No. N62742-01-C-1355

Subject: **Change Order #1, #2 & #3**

Herewith are the Subcontract Agreements for Change Order #1, #2 & #3.

| Change Order #1 | $ 249,115.84 |
| Change Order #2 | $ 204,050.86 |
| Change Order #3 | $ 121,560.00 |

The above subject has been fully paid and that the acknowledgement of this agreement is just for accounting purposes. Please sign and return to our office.

Should you have any questions regarding this matter, please do not hesitate to call.

Sincerely,

Tsutomu Yamakawa
Vice-President

RCD BY:

CONNIE DUENAS
06-12-06

2.???

AN EQUAL OPPORTUNITY · AFFIRMATIVE ACTION EMPLOYER
150 Harmon Sink Road, Tamuning · P.O. Box 8110 · Tamuning, Guam 96931
Phone: (671) 646-6060 / 646-0620 · Fax: (671) 646-1241 · E-mail: maedapacific@baudci.com
Case 1:08-cv-00012   Document 54   Filed 02/24/09   Page 19 of 66

# SUBCONTRACT AGREEMENT

Made as of this *1st* day of *September* year *2004*, between *MAEDA PACIFIC CORPORATION* (hereinafter called the Contractor) and *GMP & Associates* (Known to be the *Subcontractor*).

The Name of the project is: *Replace Off-Base Water Supply System at Andersen Air Force Base.*
*Change Order # 1 for Design Cost and Q.C. Specialist.*

The subcontract amount is: *Two Hundred Forty Nine Thousand One Hundred Fifteen and 84/100 only. ( $ 249,115.84).*

Completion Date: *December 31, 2004*

A. The *Subcontractor* shall pay for all materials, equipment and labor used in the connection with the performance of this Subcontract, except as noted.

The *Subcontractor* shall comply with federal, state and local tax laws, social security acts, workmen's compensation acts insofar as applicable to the performance of this Subcontract.

C. The *Subcontractor* shall take reasonable safety precautions with respect to the performance of this Subcontract, shall comply with safety measures, and applicable laws, ordinances, rules, regulations and orders of public authorities for the safety of persons or property.

D. The *Subcontractor* warrants to the Contractor that materials and equipment furnished under this Subcontract will be of good quality. Work not conforming to these requirements, including substitution not properly approved and authorized by the Contractor may be considered defective and ordered removed.

Payment will be based only the quantity installed by the Subcontractor with the corresponding unit price per Pay Item, Application for payment will be submitted each month together with Payroll Certification. The Contractor shall pay the Subcontractor the full amount less __0 %__ retention, determined and agreed by the *Contractor* and *Subcontractor*.

F. Final payment, constituting the entire unpaid balance of the Subcontractor Sum, shall be made by the Contractor to the Subcontractor when the Subcontractor's work is 100% and satisfactory to the Contractor.

Before issuance of the final payment, the *Subcontractor*, if required shall submit evidence satisfactory to the Contractor that payrolls, bill for materials and equipment, and all known indebtedness connected with the Subcontractor's work have been satisfied.

H. The *Subcontractor* shall attend the *Contractor's Monthly Safety Meeting* held on the first working day of the month. The subcontractor's failure to attend this meeting will result to a *$500.00* fine, which the Contractor shall deduct from the Subcontractor's billing.

I. *Scope of work:* See attachment *(Proposal).*

This agreement entered into as of the day and year first written above.

CONTRACTOR:

~President
Maeda Pacific Corporation.

SUBCONTRACTOR:

Peter B. Melnyk, P.E., Ph.D.
Executive Vice President
GMP & Associates, Inc.

EXHIBIT *A*, PAGE *3* OF *8*

Sub – Contractor : GMP & Associates, Inc

| Item | Original Contract | | | CO#1 | | | Up to CO#1 | | |
|---|---|---|---|---|---|---|---|---|---|
| Design | 1 | LS | $645,000.00 | | | | 1 | LS | $645,000.00 |
| QC Specialist & QC | 1 | LS | $336,240.00 | | | | 1 | LS | $336,240.00 |
| CO #1 Design Cost | | | | 1 | LS | $249,115.84 | 1 | LS | $249,115.8.. |
| | | | | | | | | | |
| Total Amount | | | $961,240.00 | | | $249,115.84 | | | $1,230,355.84 |

Sep. 0/. 04

Dec 3/. 04

No Retention

# SUBCONTRACT AGREEMENT

Made as of this *1st* day of *July* year *2005*, between *MAEDA PACIFIC CORPORATION* (hereinafter called the Contractor) and *GMP & Associates* (Known to be the *Subcontractor*).

The Name of the project is: *Replace Off-Base Water Supply System at Andersen Air Force Base.*
*Change Order # 2 for Design Cost and Q.C. Specialist.*

The subcontract amount is: *Two Hundred Forty Thousand Fifty and 86/100 only. ( $ 204,050.86).*

Completion Date: *December 31, 2005*

A. The *Subcontractor* shall pay for all materials, equipment and labor used in the connection with the performance of this Subcontract, except as noted.

. The *Subcontractor* shall comply with federal, state and local tax laws, social security acts, workmen's compensation acts insofar as applicable to the performance of this Subcontract.

C. The *Subcontractor* shall take reasonable safety precautions with respect to the performance of this Subcontract, shall comply with safety measures, and applicable laws, ordinances, rules, regulations and orders of public authorities for the safety of persons or property.

D. The *Subcontractor* warrants to the Contractor that materials and equipment furnished under this Subcontract will be of good quality. Work not conforming to these requirements, including substitution not properly approved and authorized by the Contractor may be considered defective and ordered removed.

. . Payment will be based only the quantity installed by the Subcontractor with the corresponding unit price per Pay Item, Application for payment will be submitted each month together with Payroll Certification. The Contractor shall pay the Subcontractor the full amount less __0 %__ retention, determined and agreed by the *Contractor* and *Subcontractor*.

F. Final payment, constituting the entire unpaid balance of the Subcontractor Sum, shall be made by the Contractor to the Subcontractor when the Subcontractor's work is 100% and satisfactory to the Contractor.

Before issuance of the final payment, the *Subcontractor,* if required shall submit evidence satisfactory to the Contractor that payrolls, bill for materials and equipment, and all known indebtedness connected with the Subcontractor's work have been satisfied.

H. The *Subcontractor* shall attend the *Contractor's Monthly Safety Meeting* held on the first working day of the month. The Subcontractor's failure to attend this meeting will result to a *$500.00* fine, which the Contractor shall deduct from the Subcontractor's billing.

I. *Scope of work:* See attachment *(Proposal).*

This agreement entered into as of the day and year first written above.

CONTRACTOR:

*Tsutomu Yamakawa*
Co-President
Maeda Pacific Corporation.

SUBCONTRACTOR:

Peter B. Melnyk, P.E., Ph.D.
Executive Vice President
GMP & Associates, Inc.

EXHIBIT *A*, PAGE *5* OF *8*

Sub – Contractor : GMP & Associates, Inc

| Item | Up to GO #1 Contract Amount | | | CO#2 | | | Up to CO#2 | | |
|---|---|---|---|---|---|---|---|---|---|
| Design | 1 | LS | $645,000.00 | | | | 1 | LS | $645,000.00 |
| QC Specialist & QC | 1 | LS | $336,240.00 | | | | 1 | LS | $336,240.00 |
| CO #1 Design Cost | 1 | LS | $249,115.84 | | | | 1 | LS | $249,115.84 |
| CO #2 Design Cost | | | | 1 | LS | $204,050.86 | 1 | LS | $204,050.86 |
| | | | | | | | | | |
| Total Amount | | | $1,230,355.84 | | | $204,050.86 | | | $1,434,406.70 |

July.01.05
~
Dec.31.05

No Retention

# SUBCONTRACT AGREEMENT

Made as of this *1st* day of *November* year *2005*, between *MAEDA PACIFIC CORPORATION* (hereinafter called the *Contractor*) and *GMP & Associates* (Known to be the *Subcontractor*).

The Name of the project is: *Replace Off-Base Water Supply System at Andersen Air Force Base.*
*Change Order # 3 for Design Cost and Q.C. Specialist.*

The subcontract amount is: *One Hundred Twenty One Thousand Five Hundred Sixty and 00/100 only. ( $ 121,560.00).*

Completion Date: *December 31, 2005*

A. The *Subcontractor* shall pay for all materials, equipment and labor used in the connection with the performance of this Subcontract, except as noted.

B. The *Subcontractor* shall comply with federal, state and local tax laws, social security acts, workmen's compensation acts insofar as applicable to the performance of this Subcontract.

C. The *Subcontractor* shall take reasonable safety precautions with respect to the performance of this Subcontract, shall comply with safety measures, and applicable laws, ordinances, rules, regulations and orders of public authorities for the safety of persons or property.

D. The *Subcontractor* warrants to the Contractor that materials and equipment furnished under this Subcontract will be of good quality. Work not conforming to these requirements, including substitution not properly approved and authorized by the Contractor may be considered defective and ordered removed.

E. Payment will be based only the quantity installed by the Subcontractor with the corresponding unit price per Pay Item, Application for payment will be submitted each month together with Payroll Certification. The Contractor shall pay the Subcontractor the full amount less __0 %__ retention, determined and agreed by the *Contractor* and *Subcontractor*.

F. Final payment, constituting the entire unpaid balance of the Subcontractor Sum, shall be made by the Contractor to the Subcontractor when the Subcontractor's work is 100% and satisfactory to the Contractor.

Before issuance of the final payment, the *Subcontractor*, if required shall submit evidence satisfactory to the Contractor that payrolls, bill for materials and equipment, and all known indebtedness connected with the Subcontractor's work have been satisfied.

H. The *Subcontractor* shall attend the *Contractor's Monthly Safety Meeting* held on the first working day of the month. The subcontractor's failure to attend this meeting will result to a *$500.00 fine*, which the Contractor shall deduct from the Subcontractor's billing.

I. *Scope of work:* See attachment *(Proposal).*

This agreement entered into as of the day and year first written above.

CONTRACTOR:

Tsutomu Yamakawa
Co-President
Maeda Pacific Corporation.

SUBCONTRACTOR:

Peter B. Melnyk, P.E., Ph.D.
Executive Vice President
GMP & Associates, Inc.

EXHIBIT __A__, PAGE __7__ OF __8__

Sub – Contractor : GMP & Associates,Inc

| Item | | | Up to CO #2 Contract Amount | | | CO#3 | | | | Up to CO#3 Total Amount |
|---|---|---|---|---|---|---|---|---|---|---|
| Design | 1 | LS | $645,000.00 | | | | | 1 | LS | $645,000.00 |
| QC Specialist & QC | 1 | LS | $336,240.00 | | | | | 1 | LS | $336,240.00 |
| CO #1 Design Cost | 1 | LS | $249,115.84 | | | | | 1 | LS | $249,115.84 |
| CO #2 Design Cost | 1 | LS | $204,050.86 | | | | | 1 | LS | $204,050.86 |
| Additional QC | | | | 1 | LS | $121,560.00 | $121,560.00 | 1 | LS | $121,560.00 |
| Total Amount | | | $1,434,408.70 | | | | $121,560.00 | | | $1,555,966.70 |

Nov. 01. 06
~
Dec. 31. 06

No Retention

EXHIBIT A, PAGE 8 of 8
Case 1:11-cv-00010   Document 1   Filed 04/12/11   Page 25 of 66
Case 1:08-cv-00012   Document 54   Filed 02/24/09   Page 15 of 28



# ANDERSEN AIR FORCE BASE
## Water Tank Roof Collapse

**Andersen Air Force Base**
**Guam**



RECEIVED
SEP 05 2007
MAEDA PACIFIC
CORPORATION



**Final Report**
5 September 2007
WJE No. 2007.3637

**|||SMITHBRIDGE**

*Prepared for:*
**Smithbridge**

*Prepared by:*
**Wiss, Janney, Elstner Associates, Inc.**



# ANDERSEN AIR FORCE BASE
## Water Tank Roof Collapse

**Andersen Air Force Base**
Guam

Duane L. N. Lee, Project Manager

**Final Report**
5 September 2007
WJE No. 2007.3637

**||SMITHBRIDGE**

*Prepared for:*
**Smithbridge**
Guam Office
P.O. Box 11700
Yigo, Guam 96929

*Prepared by:*
**Wiss, Janney, Elstner Associates, Inc.**
1240 Ala Moana Boulevard, Suite 120
Honolulu, Hawaii 96814
808.591.2728 tel | 808.591.2620 fax



**ENGINEERS
ARCHITECTS
MATERIALS SCIENTISTS**

## ANDERSEN AIR FORCE BASE

## Water Tank Roof Collapse

**Andersen Air Force Base
Guam**

### Introduction

At approximately 9:05 a.m. on 12 July 2007, Guam time, the roof structure over the 12,320 kiloliter concrete water tank collapsed at Andersen Air Force Base, Guam. The tank was recently constructed and filled only for the second time when the collapse occurred. As result of the collapse, Wiss, Janney, Elstner Associates, Inc. (WJE) was engaged by Smithbridge, the sub-contractor responsible for the construction of the tank, to determine its cause. For this engagement, Dr. Duane L.N. Lee of the Hawaii branch of WJE traveled to Guam on 24 July 2007 to investigate the collapse. The details and findings of our investigation are presented in this report.

Our investigation on this project is limited to the design and construction of the water tank. Other conditions associated with this project are beyond our scope of work.

### Background

The concrete water tank is part of design-built Contract No. N62742-01-6-1355, FY03 MCAF Replace Off-Base Water Supply System, Andersen Air Force Base, Guam, with the United States Navy. The contract was awarded to Maeda Pacific Corporation, general contractors. Maeda, in-turn, engaged GMP Associates, Inc., Honolulu, Hawaii to undertake the overall design of the project. The structural design of the tank was undertaken by Jorgensen & Close Associates, Inc., Golden, Colorado. Smithbridge, Guam manufactured the precast members and undertook the construction of the tank. The design of the water tank is provided in NAFAC Drawings Nos. 7976362 through 7976594, dated 12 October 2005.

The construction of the water tank commenced approximately on 5 May 2005. The concrete topping for the roof was cast on 25 January 2007. A fluid applied coating reinforced with a fabric had been applied to the roof deck for waterproofing prior to the collapse.

### Tank Description

The concrete water tank is a cylindrical structure with an inside diameter of 44.196 meters (m). From the floor level inside the tank, the walls extend 9.238 m vertically. The design of the tank includes a 0.152 m foundation slab reinforced primarily with unbonded post-tensioned tendons. The slab contains an upturn thicken edge of 0.356 m in addition to the slab thickness to support the tank walls at the perimeter of the tank. Five 2.286 m square by 0.406 m thick concrete footings are cast in one line over the foundation slab to support the row of precast concrete columns located below the ridge line of the roof structure.



The concrete walls of the tank consist of 28 precast and vertically prestressed segments. Each segment contains horizontal ducts for the post-tensioning of the tank walls. At the precast wall joints, a 0.381 m separation is provided to couple the post-tensioning ducts and is later filled with cast-in-place concrete. The infilled sections were originally flush with the inside surface of the tank and extended 0.102 m beyond the exterior wall line. During stressing of the tank walls, concrete spalling developed at the joint between the precast wall and the infill section. As a result of issues related to the spalling, a 0.508 m wide by 0.092 m thick vertical concrete section was cast on the inside face of the tank, centered over the infill section.

At four equally spaced locations along the circumference of the tank, the precast wall panels contain exterior faced pilasters for the daylighting and stressing of the tendons. After stressing, the ducts were reported to be grouted.

The tank roof contains a central ridge line, with the roof surface sloped 2 percent to the perimeter tank wall. Scuppers extending through the tank walls remove water from the roof deck. The roof structure is constructed with precast elements beneath a 0.076 m cast-in-place bonded topping. The primary support for the roof structure is provided by a 0.140 m continuous ledger constructed into the precast walls and the five precast columns under the roof ridge. The framing for the roof structure includes the five precast columns with haunches supporting precast, prestressed inverted tee beams. The outside columns have orthogonal haunches supporting precast, prestressed rectangular beams that extend to the wall ledge. The field of the roof structure consists of the following precast, prestressed elements: solid planks spanning between the wall ledges and rectangular beams, and double tees spanning between the wall ledges and the flanges of the inverted tees.

A welded connection between embedded steel elements was specified at the top of the column to inverted tee joint.

The rectangular and inverted tee beams, and double tees are provided with 13 mm and 10 mm diameter U bars at 2.438 m 0.305 m, and 1.219 m intervals, respectively, that extend from the web of the member into the topping for interconnection and composite action. The topping is reinforced with 13 mm bars spaced at 0.305 m on centers, each way.

To lock the topping into the tank walls, the drawings specify a horizontal 76 mm wide by 76 mm high notch within the tank walls to serve as a shear key for approximately 50 percent of the circumference.

The drawings indicate the tank roof is designed to support a live load of 0.96 kiloPascal (kPa) (reducible). The drawings also indicate all precast/prestressed materials and construction shall conform to the *Prestressed Concrete Building Code Requirements* reported by the Precast/Prestressed Concrete Institute, and the *Building Code Requirements for Reinforced Concrete (ACI 318)*.

## Water Tank Function

The water tank was designed and constructed as a reservoir for the storage of potable water for general and fire hydrant use. The tank is filled by pumps at several wells located offsite. The water to fill the tank is discharged from a supply line located near the underside of the roof. A 0.50 m diameter overflow drain extends 8 m above the deck of the tank and at a minimum of 46 mm from the underside of the double tees. The supply line is located 0.20 m above the overflow drain.


The water from the tank can be discharged using several options. One is through a 0.40 m diameter floor drain.

Both the overflow drain and the floor drain extend and discharge into a manhole a short distance outside the tank. The end of both drain lines contains a check valve formed of crimped tubing (Fig. 1). (The crimp opens during discharge and remains closed at other times.) The manhole discharges into the base of a ponding basin (Fig. 2) that eventually overflows onto an open plain (Fig. 3). As constructed, the filling of the ponding basin will fill the manhole with water to produce a submerged condition for the drain lines.



*Figure 1. Floor drain and overflow drain lines that discharge into a manhole. The lines terminate with a manufactured crimped end to serve as a check value.*

At the roof level, the tank contains a typical roof hatch with ladders mounted on the inside and outside of the tank for access. Notably absent from the tank design are roof or wall top openings intended for venting of the the tank.


ENGINEERS
ARCHITECTS
MATERIALS SCIENTISTS

Andersen Air Force Base
Water Tank Roof Collapse
5 September 2007
Page 4



*Figure 2. Water from the manhole that is discharged near the base of the ponding basin.*



*Figure 3. Water from the ponding basin that overflows onto the open plain.*


ENGINEERS
ARCHITECTS
MATERIALS SCIENTISTS

Andersen Air Force Base
Water Tank Roof Collapse
5 September 2007
Page 5

## Collapse Details

As reported, the water tank roof collapsed on 12 July 2007 after the tank had been filled. This represents only the second time that the tank had been filled after construction. Immediately prior to the collapse, the tank was reported to be full as observed by water overflowing the ponding basin at 8:50 a.m. The overflowing water was assumed to be from the overflow drain within the tank. At 8:55 a.m., directions were given to proceed to the area near Well 3A to open several fire hydrants to circumvent additional water flow to the tank. At approximately 9:00 a.m., several popping sounds were heard outside the tank before collapse of the roof structure at approximately 9:05 a.m. (Fig. 4). After the collapse, the floor drains were opened at approximately 9:15 a.m. At 9:30 a.m., photographs taken from an adjoining higher elevation location indicated the water level to be near the top of the tank (Fig. 5). At the time of the collapse, no significant live loads were on the tank roof. After the collapse, the tank continued to be water tight for all practical purposes. The draining of the tank continued after the roof collapse.



*Figure 4. Collapse of the roof structure within the tank.*

As noted, the collapse represented only the second time the tank had been filled. On the first occasion, the tank was drained by placing the water into the sanitary sewer system because of the high chlorine level in the water used to clean the tank. At that time, the overflow line drain outside the tank may not have been completely assembled.

 ENGINEERS
ARCHITECTS
MATERIALS SCIENTISTS

Andersen Air Force Base
Water Tank Roof Collapse
5 September 2007
Page 6



*Figure 5. Water level within the tank at approximately 9:30 a.m.,
after initial draining of the tank.*

## Investigation

As noted, the tank was at or near the full level at the time of the roof collapse. Thus, the roof structure would have fallen into water estimated to be in excess of 6 m. The water would have served to cushion the fall of the roof structure.

Our review of the debris from the collapse indicates the roof structure displaced vertically to rest on the bottom of the tank. Further review indicated the following:

- The top of the tank walls sustained damage at several locations from impact during the collapse of the double tees (Fig. 6). During the collapse, the double tees appear to have rotated downward about the wall ledge support to impact and damage the tank walls.

- None of the continuous ledges constructed into the precast walls to support the precast solid planks and double tees exhibited failure (Fig. 7). At five locations, the double tee stems reportedly had less than 0.102 m bearing support. As a result, the support was supplemented with a prefabricated structural steel bracket bolted to the vertical face of the wall. None of these brackets exhibited failure.

- The precast columns extended over the roof structure debris. Although the top of the columns and perhaps the bottom had displaced laterally, the haunches, reinforced internally with structural steel, did not exhibit failure (Fig. 8). Some of the haunches did exhibit concrete spalling at the bottom edge.



ENGINEERS
ARCHITECTS
MATERIALS SCIENTISTS

Andersen Air Force Base
Water Tank Roof Collapse
5 September 2007
Page 7



*Figure 6. Localized damage at the top of the tank wall attributed to the roof collapse.*



*Figure 7. Wall ledges that exhibited no damage from the support of the precast members.*



| | ENGINEERS
| | ARCHITECTS
| | MATERIALS SCIENTISTS

Anderson Air Force Base
Water Tank Roof Collapse
5 September 2007
Page 8



*Figure 8. Typical haunches at the top of the precast columns did not exhibit damage.*

- Although the weld connections to the columns had fractured, the precast inverted tees appeared to be in relatively good condition (Fig. 9).



*Figure 9. Typical precast inverted tees that did not exhibit significant damage during the collapse.*



**ENGINEERS**
**ARCHITECTS**
**MATERIALS SCIENTISTS**

Andersen Air Force Base
Water Tank Roof Collapse
5 September 2007
Page 9

- The precast rectangular beam extending between the column haunch and the wall ledge to support the precast plank on the south side of the tank exhibited extensive damage from flexure.

- A large percentage of the precast double tees exhibited extensive damage from flexure. The flange section along with the cast-in-place topping was cracked extensively to produce plan sections approximately 0.152 m to 0.203 m in size (Fig. 10). Extensive cracking was sustained in the stems of the double tees (Fig. 11). Aside from the diagonal cracking near the ends, the remainder of the stem had completely separated from the upper section.



*Figure 10. Typical cracking within the flange of the precast double tees.*



*Figure 11. Typical damage to the stem of the precast double tees.*



## Structural Evaluation

A cursory structural evaluation was undertaken of the design of the roof structure. The review was based on the calculations and shop drawings furnished by Smithbridge, the sub-contractor responsible for the design and fabrication of the precast and prestressed elements. Because of the damage exhibited by the precast, prestressed beams and double tees, these members were selected for our review. Our analysis indicates the design of the beam and double tees complied with the requirement of the ACI 318-02 for roof structure application with a design live load of 0.96 kPa.

## Collapse Assessment

Based on our inspection of the tank and the debris, the collapse is a result of gross overloading of the roof structure at load levels significantly higher than the design live load. The overloading caused the rectangular roof beams and double tees to be grossly overstressed. The distress to the double tees most likely initiated the collapse. The displacement of the double tees had the potential to produce an unstable condition in the remaining roof structure. Further, the displacement of the double tees had the potential to drag down the remaining roof structure because of the continuity of the reinforcement within the concrete topping. The gross overloading of the roof structure in excess of the design live loads is attributed to the absence of air vents within the tank.

## Discussions

Our assessment of the collapse is the roof structure was grossly overloaded. This overloading is attributed to the absence of air vents during the removal of air and/or water from within the tank. During the filling of the tank, the overflow drain can serve as a vent for the tank. After filling of the tank, the roof structure is in equilibrium with the atmospheric pressure of 101.3 kPa. Upon the removal of air and/or water from the tank, the internal pressures at the underside of the roof will be less than the atmospheric pressure due to the absence of air vents. The difference in pressures can produce loading of the roof structure in addition to the gravity (weight) loads associated with the tank roof. A reduction in internal pressures of 27.58 kPa produces the same loading effect on the tank roof. A water drawdown of 0.152 m and 0.305 m from the full level produces a load effect of 16.186 kPa and 27.911 kPa, respectively. These values significantly exceed the design live load of 0.96 kPa for the roof structure. It is our assessment that overloads in excess of three to five times the design live loads have the potential to produce collapse to the roof structure.

Our collapse assessment is based on the absence of air vents for the tank as no vents were specified and none were constructed. In addition, the roof surface was completely sealed with a fluid applied waterproofing membrane reinforced with a fabric. After filling of the tank, several fire hydrants were reportedly opened to circumvent water from the wells to the tank. It was reported that opening of the hydrants to discharge the water has a potential to produce an air suction within the supply line that fills the tank. This suction has the potential to reduce the atmospheric pressure within the tank. As mentioned, the supply line daylights over the maximum water level within the tank. With the tank previously filled beyond the overflow level, the overflow drain cannot serve as a vent because the line is crimped to function as a check valve and daylights into a manhole that was full of water from the prior use of the overflow drain.

EXHIBIT B PAGE 12 OF 13



With water in the manhole, reduction of the atmospheric pressure within the tank has a potential to draw water up the line of the overflow drain, assuming absence of the crimped end functioning as a check valve. However, our calculations indicate a 27.58 kPa reduction in atmospheric pressure within the tank will draw water up the overflow drain line only 2.82 m.

From our analysis of the roof structure, the precast, prestressed members with the cast-in-place bonded topping have sufficient structural capacity to support the design live load for the roof. Based on this condition, we have eliminated the potential of the roof structure collapsing under its own weight with the absence of live loads. This condition is highly improbable given the fact that the precast roof members initially supported the weight of the wet concrete comprising the 76 mm thick topping. Further, on curing the topping increases the capacity of the precast members.

## Repairs

The collapse of the tank roof will require removal and replacement. However, the remainder of the tank appears to be unaffected by the collapse as indicated by its continued water tightness. With respect to the damage to the top of the tank walls at several locations, these areas should be sounded to identify cracked and spalled concrete for removal and replacement.

At this time, we have no reservations to reconstructing the roof structure with a similar design to that used initially, with the notable addition of adequate air vents at the top of the tank.

## Conclusion

It is our assessment that the collapse of the roof structure is attributed to gross overload due to the absence of air vents that were not specified for the tank. The absence of such vents reduces the atmospheric pressures within the tank during the removal of air and/or water to produce a loading effect on the roof structure. This loading is considered to be grossly in excess of the design live load for the roof structure. Without the vents, the water tank as designed and constructed cannot function in an acceptable and safe manner.

2007 3637report-final.doc

# EXHIBIT B

DANIEL M. BENJAMIN, ESQ.
SOPHIA SANTOS DIAZ, ESQ.
JAMES W. HOFMAN, II, ESQ.
CALVO & CLARK, LLP
Attorneys at Law
259 Martyr Street, Suite 100
Hagåtña, Guam 96910
Telephone No.: (671) 646-9355
Facsimile No.: (671) 646-9403

ARNE D. WAGNER, ESQ. (admitted *pro hac vice*)
DAWN R. PAYNE, ESQ. (admitted *pro hac vice*)
CALVO & CLARK, LLP
Attorneys at Law
One Lombard Street, Second Floor
San Francisco, CA 94110
Telephone No.: (415) 374-8370
Facsimile No.: (415) 374-8373

Attorneys for Defendants
*GMP Hawaii, Inc., dba GMP Associates,
and Ohio Pacific Tech, Inc.,
dba GMP Associates, Inc.*



IN THE DISTRICT COURT OF GUAM

TERRITORY OF GUAM

| | |
|---|---|
| MAEDA PACIFIC CORPORATION, a Guam corporation,<br><br>Plaintiff,<br><br>vs.<br><br>GMP HAWAII, INC., et al.,<br><br>Defendants. | CIVIL ACTION NO. 08-00012<br><br><br>**DEFENDANT LEXINGTON INSURANCE COMPANY'S ANSWER TO FIRST AMENDED COMPLAINT** |
| AND RELATED CROSS-ACTIONS | |

ORIGINAL

*Case No. 08-00012*

1   COMES NOW Defendant Lexington Insurance Company ("Lexington"), by and
2   through its attorneys, and hereby responds to the First Amended Complaint:

3   1.    Answering paragraph 1 of the First Amended Complaint, Lexington admits that
4   Plaintiff purports to base jurisdiction on diversity of citizenship, and otherwise denies each and
5   every allegation therein.

6   2.    Answering paragraph 2, Lexington denies each and every allegation for lack of
7   information sufficient to form a belief.

8   3.    Answering paragraph 3, Lexington admits the allegations on information and
9   belief.

10  4.    Answering paragraph 4, Lexington admits that it is a Delaware corporation,
11  admits that it issued a policy of insurance, a copy of which Lexington is informed and believes
12  has already been provided to Plaintiff, avers that said policy affords coverage consistent with its
13  terms which speak for themselves, and otherwise denies each and every allegation therein.

14  5-7.    Answering paragraphs 5 through 7, Lexington denies each and every allegation
15  for lack of information sufficient to form a belief.

16  8.    Answering paragraph 8, Lexington denies each and every allegation in the first
17  sentence for lack of information sufficient to form a belief; admits on information and belief
18  that Plaintiff engaged GNP as alleged, except denies that GMP was the designer of the reservoir
19  tank; and denies each and every remaining allegation for lack of information sufficient to form
20  a belief.

21  9-17.    Answering paragraphs 9 through 11, Lexington denies that GMP was the
22  designer of the reservoir tank, and denies each and every remaining allegation for lack of
23  information sufficient to form a belief.

24  18.    Answering paragraph 18, Lexington admits that it issued a policy of insurance,
25  which affords coverage consistent with its terms which speak for themselves, denies that it has
26  any liability to Plaintiff or any other party, and denies each and every remaining allegation for
27  lack of information sufficient to form a belief.

28

1    19.    Answering paragraph 19, Lexington incorporates its responses to paragraphs 1
2    through 18.

3    20-22. Answering paragraphs 20 through 22, Lexington denies each and every
4    allegation that pertains to GMP or to Lexington, denies that GNP or Lexington are liable to
5    Plaintiff in the amount alleged or in any amount, denies that Plaintiff has suffered damages in
6    the amount alleged or any amount, and denies each and every remaining allegation for lack of
7    information sufficient to form a belief.

8    23.    Answering paragraph 23, Lexington incorporates its responses to all the
9    foregoing paragraphs and allegations of the First Amended Complaint.

10    24-25. Answering paragraphs 24 and 25, Lexington denies each and every allegation
11    that pertains to GMP or to Lexington, denies that GNP or Lexington are liable to Plaintiff in the
12    amount alleged or in any amount, denies that Plaintiff has suffered damages in the amount
13    alleged or in any amount, and denies each and every remaining allegation for lack of
14    information sufficient to form a belief.

15    26.    Answering paragraph 26, Lexington incorporates its responses to all the
16    foregoing paragraphs and allegations of the First Amended Complaint.

17    27.    Answering paragraphs 27 and 28, Lexington avers that this cause of action is not
18    directed against Lexington and therefore no response is required.

19    ### Affirmative Defenses

20    1.    The First Amended Complaint fails to state a claim upon which relief can be
21    granted.

22    2.    The First Amended Complaint is barred by reason of acts, omissions,
23    representations and courses of negligent and dilatory conduct by Plaintiff or other parties,
24    thereby barring, under the doctrine of estoppel, any causes of action asserted by Plaintiff.

25    3.    The First Amended Complaint is barred because GMP Associates was not
26    responsible for the design of the reservoir tank

27    4.    Plaintiff failed to perform conditions precedent.

28    5.    GMP Associates performed all contractual obligations.

1      6.      Plaintiff has failed to join indispensable parties, as required by Rule 19 of the

2   Federal Rules of Civil Procedure.

3      7.      Plaintiff is precluded from maintaining this Complaint by the equitable doctrine

4   of unclean hands.

5      8.      The First Amended Complaint is barred by the doctrine of laches.

6      9.      The First Amended Complaint is barred by the doctrine of waiver.

7      10.      The First Amended Complaint is barred to the extent Plaintiff failed to mitigate

8   its alleged damages.

9      11.      If damages were incurred as alleged, they were caused solely by the conduct of

10   Plaintiff, other defendants, or third persons or entities, and not GMP Associates or Lexington.

11      12.      Plaintiff's own negligence or that of third parties was the supervening cause of

12   any injuries Plaintiff may have sustained, and therefore Plaintiff may not recover against

13   Lexington.

14      13.      Plaintiff's alleged injuries were proximately caused by conduct or omissions by

15   Plaintiff and/or others.

16      14.      Lexington denies liability, but if it is liable, it is entitled to contribution from

17   Jorgenson & Close Associates and Smithbridge Guam (Inc.).

18      15.      Plaintiff lacks standing to maintain the causes of action asserted against

19   Lexington.

20      16.      Plaintiff is not entitled to any of the relief requested against Lexington, or to any

21   other relief against Lexington.

22

23   / /

24

25   / /

26

27   / /

28

1        WHEREFORE, Lexington prays that judgment be entered in favor of Lexington and

2  against Plaintiff for all causes of action in the First Amended Complaint, that Plaintiff take

3  nothing by way of its First Amended Complaint, that Lexington be awarded its costs. and that

4  Lexington be awarded such other and further relief that the Court deems just and proper.

5        Submitted this 21st day of May, 2009.

6
                             CALVO & CLARK, LLP
7
                             Attorneys at Law
                             Attorneys for Defendants
8
                             *GMP Hawaii. Inc., dba GMP Associates,*
                             *and Ohio Pacific Tech, Inc.,*
9
                             *dba GMP Associates, Inc.*

10

11                       By:

12                            SOPHIA SANTOS DIAZ

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT C

**Civil/Criminal CM/ECF System**
**District Court of Guam (Hagatna)**
**CIVIL DOCKET FOR CASE #: 1:08-cv-00012**

| | |
|---|---|
| Maeda Pacific Corporation v. GMP Hawaii, Inc. et al | Date Filed: 08/14/2008 |
| Assigned to: Chief Judge Frances M. Tydingco-Gatewood | Jury Demand: Defendant |
| Referred to: Magistrate Judge Joaquin V.E. Manibusan, Jr | Nature of Suit: 190 Contract: Other |
| Demand: $7,800,000 | Jurisdiction: Diversity |
| Cause: 28:1332 Diversity-Breach of Contract | |

**Plaintiff**

**Maeda Pacific Corporation**
*a Guam corporation*

represented by **John S. Stewart**
Stewart Sokol and Gray LLC
2300 SW 1st Avenue, Suite 200
Portland, OR 97201-5047
503-221-0699
Fax: 503-223-5706
Email: jstewart@lawssg.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Lawrence J. Teker**
Teker Torres and Teker, PC
130 Aspinall Avenue
Suite 2A
Hagatna, GU 96910
671-477-9891/4
Fax: 671-472-2601
Email: L.teker@tttguamlawyers.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Samuel S. Teker**
Teker Torres and Teker, PC
Suite 2A
130 Aspinal Avenue
Hagatna, GU 96910
671-477-9891
Fax: 671-472-2601
Email: st@tttguamlawyers.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas A. Larkin**
Stewart Sokol and Gray LLC
2300 SW First Avenue, Suite 200
Portland, OR 97201-5047
503-221-0699
Fax: 503-223-5706
Email: tlarkin@lawssg.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**GMP Hawaii, Inc.**
*a Hawaii corporation*
*doing business as*
GMP Associates

represented by **Dawn Renee Payne**
Calvo and Clark, LLP
One Lombard Street, 2nd Floor
San Francisco, CA 94111
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

Case 1:11-cv-00010   Document 1   Filed 04/12/11   Page 46 of 66

**Jay D. Trickett**
Calvo Fisher and Jacob, LLP
One Lombard Street, Second Floor
San Francisco, CA 94110
415-374-8370
Fax: 415-374-8373
Email: jtrickett@calvoclark.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Arthur B. Clark**
Calvo & Clark, LLP
259 Martyr Street
Suite 100
Hagatna, GU 96910
671-646-9355
Fax: 671-646-9403
Email: aclark@calvoclark.com
*ATTORNEY TO BE NOTICED*

**Daniel M. Benjamin**
Ballard Spahr LLP
401 West A Street, Suite 1150
San Diego, CA 92101-7920
619-696-9200
Fax: 619-696-9269
*TERMINATED: 03/01/2010*

**Defendant**

**Ohio Pacific Tech, Inc.**                    represented by **Arne David Wagner**
*a Ohio corporation*                            Calvo Fisher and Jacob, LLP
*doing business as*                             One Lombard Street
GMP Associates, Inc.                           2nd Floor
                                               San Francisco, CA 94111
                                               *LEAD ATTORNEY*
                                               *PRO HAC VICE*
                                               *ATTORNEY TO BE NOTICED*

                                               **Dawn Renee Payne**
                                               (See above for address)
                                               *LEAD ATTORNEY*
                                               *PRO HAC VICE*
                                               *ATTORNEY TO BE NOTICED*

                                               **Jay D. Trickett**
                                               (See above for address)
                                               *LEAD ATTORNEY*
                                               *PRO HAC VICE*
                                               *ATTORNEY TO BE NOTICED*

                                               **Arthur B. Clark**
                                               (See above for address)
                                               *ATTORNEY TO BE NOTICED*

                                               **Daniel M. Benjamin**
                                               (See above for address)
                                               *TERMINATED: 03/01/2010*

**Defendant**

**GMP Associates, Inc.**                       represented by **Arthur B. Clark**
*(collectively, "GMP")*                         (See above for address)
                                               *ATTORNEY TO BE NOTICED*

**Defendant**

**Jorgensen and Close Associates, Inc.**
*a Colorado corporation*

represented by **Randall Todd W. Thompson**
Mair, Mair, Spade and Thompson, P.C.
238 A.F.C. Flores Street
Suite 801, Pacific News Building
Hagatna, GU 96910
671-472-2089/90
Fax: 671-477-5206
Email: Thompson@mmstlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Lexington Insurance Company**

represented by **Jay D. Trickett**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Arthur B. Clark**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Thomas C. Sterling**
Blair Sterling Johnson and Martinez
Suite 1008, DNA Building
238 Archbishop Flores Street
Hagatna, GU 96910-5205
671-477-7857
Fax: 671-472-4290
Email: tcsterling@kbsjlaw.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**U.S. Specialty Insurance Company**

represented by **Randall Todd W. Thompson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**ThirdParty Defendant**

**Smithbridge Guam, Inc.**

represented by **Thomas M. Tarpley , Jr.**
The Thomas McKee Tarpley Law Firm
414 West Soledad Avenue
GCIC Bldg., Suite 904
Hagatna, GU 96910
671-472-1539
Fax: 671-472-4526
Email: admin@attorneyguam.com
*ATTORNEY TO BE NOTICED*

**Cross Claimant**

**GMP Hawaii, Inc.**
*a Hawaii corporation*

represented by **Dawn Renee Payne**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jay D. Trickett**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Arthur B. Clark**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Daniel M. Benjamin**
(See above for address)
*TERMINATED: 03/01/2010*

**Cross Claimant**

**Ohio Pacific Tech, Inc.**
*a Ohio corporation*

represented by **Arne David Wagner**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Dawn Renee Payne**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jay D. Trickett**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Arthur B. Clark**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Daniel M. Benjamin**
(See above for address)
*TERMINATED: 03/01/2010*

V.

**Cross Defendant**

**Jorgensen and Close Associates, Inc.**
*a Colorado corporation*

represented by **Randall Todd W. Thompson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Counter Claimant**

**GMP Hawaii, Inc.**
*a Hawaii corporation*

represented by **Dawn Renee Payne**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jay D. Trickett**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Arthur B. Clark**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Daniel M. Benjamin**
(See above for address)
*TERMINATED: 03/01/2010*

**Counter Claimant**

**Ohio Pacific Tech, Inc.**
*a Ohio corporation*

represented by **Arne David Wagner**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*

Case 1:11-cv-00010 Document 1 Filed 04/12/11 Page 49 of 66

*ATTORNEY TO BE NOTICED*

**Dawn Renee Payne**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jay D. Trickett**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Arthur B. Clark**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Daniel M. Benjamin**
(See above for address)
*TERMINATED: 03/01/2010*

**Daniel M. Benjamin**
(See above for address)
*TERMINATED: 03/01/2010*
*ATTORNEY TO BE NOTICED*

V.

## Counter Defendant

**Maeda Pacific Corporation**
*a Guam corporation*

represented by **John S. Stewart**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Samuel S. Teker**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas A. Larkin**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

## ThirdParty Plaintiff

**GMP Hawaii, Inc.**
*a Hawaii corporation*

represented by **Dawn Renee Payne**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jay D. Trickett**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Arthur B. Clark**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Daniel M. Benjamin**
(See above for address)
*TERMINATED: 03/01/2010*

Case 1:11-cv-00010   Document 1   Filed 04/12/11   Page 50 of 66

**ThirdParty Plaintiff**

**Ohio Pacific Tech, Inc.**                                    represented by **Arne David Wagner**
*a Ohio corporation*                                                          (See above for address)
                                                                             *LEAD ATTORNEY*
                                                                             *PRO HAC VICE*
                                                                             *ATTORNEY TO BE NOTICED*

                                                                             **Dawn Renee Payne**
                                                                             (See above for address)
                                                                             *LEAD ATTORNEY*
                                                                             *PRO HAC VICE*
                                                                             *ATTORNEY TO BE NOTICED*

                                                                             **Jay D. Trickett**
                                                                             (See above for address)
                                                                             *LEAD ATTORNEY*
                                                                             *PRO HAC VICE*
                                                                             *ATTORNEY TO BE NOTICED*

                                                                             **Arthur B. Clark**
                                                                             (See above for address)
                                                                             *ATTORNEY TO BE NOTICED*

                                                                             **Daniel M. Benjamin**
                                                                             (See above for address)
                                                                             *TERMINATED: 03/01/2010*

**Cross Claimant**

**Smithbridge Guam, Inc.**                                    represented by **Thomas M. Tarpley , Jr.**
                                                                             (See above for address)
                                                                             *ATTORNEY TO BE NOTICED*

V.

**Cross Defendant**

**Jorgensen and Close Associates, Inc.**                      represented by **Randall Todd W. Thompson**
*a Colorado corporation*                                                      (See above for address)
                                                                             *LEAD ATTORNEY*
                                                                             *ATTORNEY TO BE NOTICED*

**Counter Claimant**

**Smithbridge Guam, Inc.**                                    represented by **Thomas M. Tarpley , Jr.**
                                                                             (See above for address)
                                                                             *ATTORNEY TO BE NOTICED*

V.

**Counter Defendant**

**GMP Hawaii, Inc.**                                          represented by **Dawn Renee Payne**
*a Hawaii corporation*                                                        (See above for address)
                                                                             *LEAD ATTORNEY*
                                                                             *PRO HAC VICE*
                                                                             *ATTORNEY TO BE NOTICED*

                                                                             **Jay D. Trickett**
                                                                             (See above for address)
                                                                             *LEAD ATTORNEY*
                                                                             *PRO HAC VICE*
                                                                             *ATTORNEY TO BE NOTICED*

                                                                             **Arthur B. Clark**
                                                                             (See above for address)
                                                                             *ATTORNEY TO BE NOTICED*

Case 1:11-cv-00010   Document 1   Filed 04/12/11   Page 51 of 66

Daniel M. Benjamin
(See above for address)
*TERMINATED: 03/01/2010*

**Counter Defendant**

**Ohio Pacific Tech, Inc.**                  represented by **Arne David Wagner**
*a Ohio corporation*                                         (See above for address)
                                                             *LEAD ATTORNEY*
                                                             *PRO HAC VICE*
                                                             *ATTORNEY TO BE NOTICED*

                                                             **Dawn Renee Payne**
                                                             (See above for address)
                                                             *LEAD ATTORNEY*
                                                             *PRO HAC VICE*
                                                             *ATTORNEY TO BE NOTICED*

                                                             **Jay D. Trickett**
                                                             (See above for address)
                                                             *LEAD ATTORNEY*
                                                             *PRO HAC VICE*
                                                             *ATTORNEY TO BE NOTICED*

                                                             **Arthur B. Clark**
                                                             (See above for address)
                                                             *ATTORNEY TO BE NOTICED*

                                                             **Daniel M. Benjamin**
                                                             (See above for address)
                                                             *TERMINATED: 03/01/2010*

**Cross Claimant**

**Jorgensen and Close Associates, Inc.**     represented by **Randall Todd W. Thompson**
*a Colorado corporation*                                     (See above for address)
                                                             *LEAD ATTORNEY*
                                                             *ATTORNEY TO BE NOTICED*

V.

**Cross Defendant**

**GMP Hawaii, Inc.**                         represented by **Dawn Renee Payne**
*a Hawaii corporation*                                       (See above for address)
                                                             *LEAD ATTORNEY*
                                                             *PRO HAC VICE*
                                                             *ATTORNEY TO BE NOTICED*

                                                             **Jay D. Trickett**
                                                             (See above for address)
                                                             *LEAD ATTORNEY*
                                                             *PRO HAC VICE*
                                                             *ATTORNEY TO BE NOTICED*

                                                             **Arthur B. Clark**
                                                             (See above for address)
                                                             *ATTORNEY TO BE NOTICED*

                                                             **Daniel M. Benjamin**
                                                             (See above for address)
                                                             *TERMINATED: 03/01/2010*

**Cross Defendant**

**Ohio Pacific Tech, Inc.**                  represented by **Arne David Wagner**
*a Ohio corporation*                                         (See above for address)
                                                             *LEAD ATTORNEY*

Case 1:11-cv-00010   Document 1   Filed 04/12/11   Page 52 of 66

*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Dawn Renee Payne**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jay D. Trickett**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Arthur B. Clark**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Daniel M. Benjamin**
(See above for address)
*TERMINATED: 03/01/2010*

**Cross Claimant**

**Jorgensen and Close Associates, Inc.**          represented by   **Randall Todd W. Thompson**
*a Colorado corporation*                                         (See above for address)
                                                                *LEAD ATTORNEY*
                                                                *ATTORNEY TO BE NOTICED*

V.

**Cross Defendant**

**Smithbridge Guam, Inc.**                       represented by   **Thomas M. Tarpley , Jr.**
                                                                (See above for address)
                                                                *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 08/14/2008 | 1 | Complaint against GMP Hawaii, Inc., Ohio Pacific Tech, Inc., GMP Associates, Inc., Jorgensen and Close Associates, Inc. filed by Maeda Pacific Corporation. (Filing fee $ 350 receipt number GUX001682). (Attachments: # 1 Civil Cover Sheet)(fad, ) (Entered: 08/15/2008) |
| 08/14/2008 | 2 | Summons Issued as to GMP Associates, Inc. (fad, ) (Entered: 08/15/2008) |
| 08/14/2008 | 3 | Summons Issued as to Ohio Pacific Tech, Inc. (fad, ) (Entered: 08/15/2008) |
| 08/14/2008 | 4 | Summons Issued as to GMP Hawaii, Inc. (fad, ) (Entered: 08/15/2008) |
| 08/14/2008 | 5 | Summons Issued as to Jorgensen and Close Associates, Inc. (fad, ) (Entered: 08/15/2008) |
| 08/14/2008 | 6 | Rule 7.1 Disclosure Statement filed by Maeda Pacific Corporation. (fad, ) (Entered: 08/15/2008) |
| 08/14/2008 | 7 | Petition to Admit Attorney Pro Hac Vice - John Spencer Stewart (Filing fee $ 250 receipt number GUX001683) filed by Maeda Pacific Corporation. (fad, ) (Entered: 08/15/2008) |
| 08/14/2008 | 8 | Designation of Co-Counsel under General Rule 17.1(4)(e) filed by Maeda Pacific Corporation. (fad, ) (Entered: 08/15/2008) |
| 08/14/2008 | 9 | Consent of Samuel S. Teker as Co-Counsel under General Rule 17.1(4)(e) filed by Maeda Pacific Corporation. (fad, ) (Entered: 08/15/2008) |
| 08/14/2008 | 10 | Acknowledgment by Maeda Pacific Corporation of AO Form 85 (Notice of Availability of a United States Magistrate Judge to Exercise Jurisdiction). (fad, ) (Entered: 08/15/2008) |
| 08/19/2008 | 11 | Order granting 7 Petition to Admit Attorney Pro Hac Vice. John S. Stewart for Maeda Pacific |

https://ecf.gud.uscourts.gov/cgi-bin/DktRpt.pl?108411198018336-L_674_0-1                    4/4/2011

| | | Corporation admitted. Signed by Magistrate Judge Joaquin V.E. Manibusan, Jr on 8/19/2008. (vtk, ) (Entered: 08/19/2008) |
|---|---|---|
| 09/12/2008 | 12 | Certificate of Service filed by Maeda Pacific Corporation. (related document(s): 1 Complaint against GMP Hawaii, Inc., Ohio Pacific Tech, Inc., GMP Associates, Inc., Jorgensen and Close Associates, Inc., 2 Summons Issued as to GMP Associates, Inc., 4 Summons Issued as to GMP Hawaii, Inc., 5 Summons Issued as to Jorgensen and Close Associates, Inc.) (jlm,) (Entered: 09/12/2008) |
| 09/17/2008 | 13 | Answer to Complaint by Jorgensen and Close Associates, Inc.(vtk) (Entered: 09/17/2008) |
| 09/17/2008 | 14 | Certificate of Service filed by Jorgensen and Close Associates, Inc. re 13 Answer to Complaint by Jorgensen and Close Associates, Inc. (vtk, ) (vtk, ) (Entered: 09/17/2008) |
| 10/08/2008 | 15 | Return of Service of Subpoena as to Ohio Pacific Tech, Inc. (fad, ) (Entered: 10/08/2008) |
| 10/14/2008 | 16 | Answer to Complaint with Jury Demand, Counterclaim against Maeda Pacific Corporation, Crossclaim against Jorgensen and Close Associates, Inc. by GMP Hawaii, Inc. and Ohio Pacific Tech, Inc. (fad, ) (Entered: 10/14/2008) |
| 10/14/2008 | 17 | Third Party Complaint and Jury Trial Demand against Smithbridge Guam, Inc. filed by GMP Hawaii, Inc., Ohio Pacific Tech, Inc. (fad, ) **Modified on 10/14/2008 to edit docket text**(fad, ). (Entered: 10/14/2008) |
| 10/14/2008 | 18 | Summons Issued as to Smithbridge Guam, Inc. (fad, ) (Entered: 10/14/2008) |
| 10/14/2008 | 19 | Certificate of Service filed by GMP Hawaii, Inc., Ohio Pacific Tech, Inc. re 16 Answer to Complaint with Jury Demand, Counterclaim against Maeda Pacific Corporation, Crossclaim against Jorgensen and Close Associates, Inc., 17 Third Party Complaint and Jury Trial Demand against Smithbridge Guam, Inc., 18 Summons Issued as to Smithbridge Guam, Inc. (fad, ) (Entered: 10/14/2008) |
| 10/14/2008 | 20 | Scheduling Notice. Proposed Scheduling Order due by 10/28/2008. Proposed Discovery Plan due by 10/28/2008. Scheduling Conference set for 11/14/2008 at 10:00 AM in 3rd Floor Chambers before Magistrate Judge Joaquin V.E. Manibusan Jr. (fad, ) (Entered: 10/14/2008) |
| 10/16/2008 | 21 | Summons Returned Executed filed by GMP Hawaii, Inc., Ohio Pacific Tech, Inc. Smithbridge Guam, Inc. served on 10/14/2008, answer due 11/3/2008. (fad, ) (Entered: 10/16/2008) |
| 10/17/2008 | 22 | Certificate of Service filed by GMP Hawaii, Inc., Ohio Pacific Tech, Inc. re 21 Summons Returned Executed filed by GMP Hawaii, Inc., Ohio Pacific Tech, Inc. (fad, ) (Entered: 10/20/2008) |
| 10/22/2008 | 23 | Stipulation to Continue Scheduling Conference (related document(s): 20 Scheduling Notice) filed by Maeda Pacific Corporation. (fad, ) (Entered: 10/22/2008) |
| 10/23/2008 | 24 | Order granting 23 Stipulation to Continue Scheduling Conference (related document(s): 20 Scheduling Notice). Scheduling Conference set for 11/14/2008 rescheduled to 12/12/2008 at 09:00 AM in 3rd Floor Chambers before Magistrate Judge Joaquin V.E. Manibusan Jr. The parties shall submit a Proposed Scheduling Order and a Proposed Discovery Plan no later than noon on 12/5/2008. Signed by Magistrate Judge Joaquin V.E. Manibusan, Jr. on 10/23/2008. (fad, ) (Entered: 10/23/2008) |
| 11/03/2008 | 25 | Answer to Third Party Complaint, Crossclaim against Jorgensen and Close Associates, Inc., Counterclaim against GMP Hawaii, Inc., Ohio Pacific Tech, Inc. by Smithbridge Guam, Inc. (fad, ) (Entered: 11/03/2008) |
| 11/03/2008 | 26 | Answer to Crossclaim, Crossclaim against GMP Hawaii, Inc., Ohio Pacific Tech, Inc. by Jorgensen and Close Associates, Inc. (fad, ) (Entered: 11/03/2008) |
| 11/03/2008 | 27 | Certificate of Service filed by Jorgensen and Close Associates, Inc. re 26 Answer to Crossclaim, Crossclaim against GMP Hawaii, Inc., Ohio Pacific Tech, Inc. (fad, ) (Entered: 11/03/2008) |
| 11/04/2008 | 28 | Entry of Appearance filed by Thomas M. Tarpley, Jr on behalf of Smithbridge Guam, Inc. (fad, ) (Entered: 11/05/2008) |
| 11/05/2008 | 29 | Answer to Counterclaim by Maeda Pacific Corporation. (fad, ) (Entered: 11/05/2008) |
| 11/05/2008 | 30 | Certificate of Service filed by Smithbridge Guam, Inc. re 25 Answer to Third Party Complaint, Crossclaim against Jorgensen and Close Associates, Inc., Counterclaim against GMP Hawaii, Inc., |

| | | Ohio Pacific Tech, Inc., 28 Entry of Appearance. (fad, ) (Entered: 11/05/2008) |
|---|---|---|
| 11/24/2008 | 31 | Answer to Crossclaim, Crossclaim against Smithbridge Guam, Inc. by Jorgensen and Close Associates, Inc. (fad, ) (Entered: 11/25/2008) |
| 11/24/2008 | 32 | Answer to Smithbridge Guam, Inc.'s Counterclaim filed by GMP Hawaii, Inc., Ohio Pacific Tech, Inc. (fad, ) (Entered: 11/25/2008) |
| 11/24/2008 | 33 | Answer to Jorgensen and Close Associates, Inc.'s Crossclaim filed by GMP Hawaii, Inc., Ohio Pacific Tech, Inc. (fad, ) (Entered: 11/25/2008) |
| 11/24/2008 | 34 | Certificate of Service filed by GMP Hawaii, Inc., Ohio Pacific Tech, Inc. re 33 Answer to Jorgensen and Close Associates, Inc.'s Crossclaim, 32 Answer to Smithbridge Guam, Inc.'s Counterclaim. (fad, ) (Entered: 11/25/2008) |
| 11/25/2008 | 35 | Certificate of Service filed by Jorgensen and Close Associates, Inc. re 31 Answer to Crossclaim, Crossclaim against Smithbridge Guam, Inc. (fad, ) (Entered: 11/26/2008) |
| 12/10/2008 | 36 | FRCP 26(a)(1) Initial Disclosures filed by Smithbridge Guam, Inc. (fad, ) (Entered: 12/11/2008) |
| 12/12/2008 | 37 | Minute Entry for proceedings held before Magistrate Judge Joaquin V.E. Manibusan, Jr.: Scheduling Conference held on 12/12/2008. (Start Time: 9:07 AM, End Time: 9:30 AM.) (fad, ) (Entered: 12/12/2008) |
| 12/15/2008 | 38 | Scheduling Order and Discovery Plan. Motions to Add Parties and Claims due by 7/13/2009. Amended Pleadings due by 7/13/2009. Discovery cut-off 6/4/2010. Discovery Motions due by 6/30/2010. Dispositive Motions due by 7/2/2010. Preliminary P/T Conference set for 9/27/2010 at 10:15 AM in 3rd Floor Courtroom before Magistrate Judge Joaquin V.E. Manibusan Jr.. P/T Documents and Proposed P/T Order due by 10/12/2010. Final Pretrial Conference set for 10/19/2010 09:30 AM in 4th Floor Courtroom before Chief Judge Frances M. Tydingco-Gatewood. Initial Disclosures Deadline: 12/10/2008. Designations and Exhibit List due by 10/12/2010. Witness List due by 10/12/2010. Jury Trial set for 10/26/2010 at 09:00 AM in 4th Floor Chambers before Chief Judge Frances M. Tydingco-Gatewood. Signed by Magistrate Judge Joaquin V.E. Manibusan, Jr. on 12/12/2008. (fad, ) (Entered: 12/15/2008) |
| 01/07/2009 | 39 | Petition to Admit Attorney Pro Hac Vice - Arne David Wagner (Filing fee $ 250 receipt number GUX002917) filed by GMP Hawaii, Inc., Ohio Pacific Tech, Inc. (fad, ) (Entered: 01/12/2009) |
| 01/07/2009 | 40 | Consent to Act as Co-Counsel (Daniel Benjamin) filed by GMP Hawaii, Inc., Ohio Pacific Tech, Inc. (related document(s): 39 Petition to Admit Attorney Pro Hac Vice - Arne David Wagner). (fad, ) (Entered: 01/12/2009) |
| 01/07/2009 | 41 | Declaration of Arne David Wagner in Support of 39 Petition to Admit Attorney Pro Hac Vice. (fad, ) (Entered: 01/12/2009) |
| 01/07/2009 | 42 | Petition to Admit Attorney Pro Hac Vice - Dawn Renee Payne (Filing fee $ 250 receipt number GUX002918) filed by GMP Hawaii, Inc., Ohio Pacific Tech, Inc. (fad, ) (Entered: 01/12/2009) |
| 01/07/2009 | 43 | Consent to Act as Co-Counsel (Daniel M. Benjamin) filed by GMP Hawaii, Inc., Ohio Pacific Tech, Inc. (related document(s): 42 Petition to Admit Attorney Pro Hac Vice - Dawn Renee Payne). (fad, ) (Entered: 01/12/2009) |
| 01/07/2009 | 44 | Declaration of Dawne Renee Payne in Support of 42 Petition to Admit Attorney Pro Hac Vice. (fad, ) (Entered: 01/12/2009) |
| 01/07/2009 | 45 | Certificate of Service filed by GMP Hawaii, Inc., Ohio Pacific Tech, Inc. re 39 Petition to Admit Attorney Pro Hac Vice - Arne David Wagner, 40 Consent to Act as Co-Counsel (Daniel Benjamin), 41 Declaration of Arne David Wagner, 42 Petition to Admit Attorney Pro Hac Vice - Dawn Renee Payne, 43 Consent to Act as Co-Counsel, 44 Declaration of Dawne Renee Payne. (fad, ) (Entered: 01/12/2009) |
| 01/20/2009 | 46 | Order granting 39 Petition to Admit Attorney Pro Hac Vice, and 42 Petition to Admit Attorney Pro Hac Vice. Arne David Wagner and Dawn Renee Payne admitted for GMP Hawaii, Inc. dba GMP Associates, and Ohio Pacific Tech, Inc. dba GMP Associates, Inc. Daniel M. Benjamin, Calvo and Clark, LLP is designated as local counsel. Signed by Magistrate Judge Joaquin V.E. Manibusan, Jr. on 1/16/2009. (fad, ) (Entered: 01/20/2009) |
| 02/06/2009 | 47 | Motion to Amend Complaint and to File First Amended Complaint filed by Maeda Pacific Corporation. Responses due by 2/20/2009. Replies due by 2/27/2009. (fad, ) (Entered: 02/06/2009) |

| 02/12/2009 | 48 | Non-Opposition filed by Smithbridge Guam, Inc. re 47 Motion to Amend Complaint and to File First Amended Complaint. (fad, ) (Entered: 02/12/2009) |
|---|---|---|
| 02/17/2009 | 49 | Statement of Non-Opposition re 47 Motion to Amend Complaint and to File First Amended Complaint filed by Jorgensen and Close Associates, Inc. (fad, ) (Entered: 02/17/2009) |
| 02/17/2009 | 50 | Certificate of Service filed by Jorgensen and Close Associates, Inc. re 49 Statement of Non-Opposition. (related document(s): 47 Motion to Amend Complaint and to File First Amended Complaint). (fad, ) (Entered: 02/17/2009) |
| 02/19/2009 | 51 | Notice of Non-Opposition filed by GMP Hawaii, Inc., Ohio Pacific Tech, Inc. re 47 Motion to Amend Complaint and to File First Amended Complaint. (fad, ) (Entered: 02/19/2009) |
| 02/19/2009 | 52 | Certificate of Service filed by Ohio Pacific Tech, Inc., GMP Associates, Inc. re: 51 Notice of Non-Opposition. (related document(s): 47 Motion to Amend Complaint and to File First Amended Complaint filed by Maeda Pacific Corporation. (fad, ) (Entered: 02/19/2009) |
| 02/20/2009 | 53 | Order granting 47 Motion to Amend Complaint and to File First Amended Complaint. Plaintiff is permitted to file its Amended Complaint no later than 3/2/2009. Signed by Magistrate Judge Joaquin V.E. Manibusan, Jr. on 2/20/2009. (fad, ) (Entered: 02/20/2009) |
| 02/24/2009 | 54 | First Amended Complaint against all defendants filed by Maeda Pacific Corporation. (fad, ) (Entered: 02/25/2009) |
| 02/24/2009 | 55 | Summons Issued as to Lexington Insurance Company. (fad, ) (Entered: 02/25/2009) |
| 02/24/2009 | 56 | Summons Issued as to U.S. Speciality Insurance Company. (fad, ) (Entered: 02/25/2009) |
| 02/25/2009 | 57 | Certificate of Service filed by Maeda Pacific Corporation re 54 First Amended Complaint. (fad,) (Entered: 02/25/2009) |
| 03/09/2009 | 58 | Answer to First Amended Complaint by Jorgensen and Close Associates, Inc. (fad, ) (Entered: 03/09/2009) |
| 03/09/2009 | 59 | Certificate of Service filed by Jorgensen and Close Associates, Inc. re 58 Answer to First Amended Complaint. (fad, ) (Entered: 03/09/2009) |
| 03/10/2009 | 60 | Stipulation by Plaintiff Maeda Pacific and Defendants GMP Hawaii, Inc., dba GMP Associates, and Ohio Pacific Tech, Inc., dba GMP Associates, Inc. re Answer to First Amended Complaint by GMP Hawaii, Inc., Ohio Pacific Tech, Inc., GMP Associates, Inc (related document: 54 First Amended Complaint). (vtk, ) (Entered: 03/10/2009) |
| 03/10/2009 | 61 | Certificate of Service filed by GMP Hawaii, Inc., Ohio Pacific Tech, Inc., GMP Associates, Inc. re 60 Stipulation by Plaintiff Maeda Pacific and Defendants GMP Hawaii, Inc., dba GMP Associates, and Ohio Pacific Tech, Inc., dba GMP Associates, Inc. re Answer to First Amended Complaint. (vtk, ) (Entered: 03/10/2009) |
| 04/17/2009 | 62 | Answer to First Amended Complaint by U.S. Speciality Insurance Company.(fad, ) (Entered: 04/19/2009) |
| 04/17/2009 | 63 | Certificate of Service filed by U.S. Speciality Insurance Company re 62 Answer to First Amended Complaint by U.S. Speciality Insurance Company. (fad, ) (Entered: 04/19/2009) |
| 04/24/2009 | 64 | Certificate of Service filed by Maeda Pacific Corporation re 56 Summons Issued as to U.S. Speciality Insurance Company. (fad, ) (Entered: 04/24/2009) |
| 05/15/2009 | 65 | Summons Returned Executed filed by Maeda Pacific Corporation. Lexington Insurance Company served on 4/21/2009, answer due 5/11/2009. (fad, ) (Entered: 05/18/2009) |
| 05/15/2009 | 66 | Certificate of Service filed by Maeda Pacific Corporation re 65 Summons Returned Executed. (related document(s): 54 First Amended Complaint against all defendants filed by Maeda Pacific Corporation). (fad, ) (Entered: 05/18/2009) |
| 05/21/2009 | 67 | Answer to 54 First Amended Complaint by Lexington Insurance Company.(vtk, ) **Modified on 5/21/2009 to add relation to document no. 54** (vtk) (Entered: 05/21/2009) |
| 05/21/2009 | 68 | Certificate of Service filed by Lexington Insurance Company re 67 Answer to First Amended Complaint by Lexington Insurance Company (related document: 54 First Amended Complaint against all defendants filed by Maeda Pacific Corporation.) (vtk) (vtk, ) (Entered: 05/21/2009) |

| 08/14/2009 | 69 | Alternative Motion for Summary Judgment, or Approval of Good Faith Settlement, for the Dismissal of the Third Party Complaint filed by Smithbridge Guam, Inc. Responses due by 8/28/2009. Replies due by 9/4/2009. (fad, ) **Modified on 8/15/2009 to edit docket text** (fad,). (Entered: 08/15/2009) |
|---|---|---|
| 08/14/2009 | 70 | Declaration of Counsel filed by Thomas M. Tarpley, Jr. re 69 Alternative Motion for Summary Judgment, or Approval of Good Faith Settlement, for the Dismissal of the Third Party Complaint. filed on behalf of Smithbridge Guam, Inc. (fad, ) **Modified on 8/15/2009 to edit docket text** (fad, ). (Entered: 08/15/2009) |
| 08/14/2009 | 71 | Declaration of Graeme Ridley re 69 Alternative Motion for Summary Judgment, or Approval of Good Faith Settlement, for the Dismissal of the Third Party Complaint filed by Smithbridge Guam, Inc. (fad, ) **Modified on 8/15/2009 to edit docket text** (fad, ). (Entered: 08/15/2009) |
| 08/14/2009 | 72 | Certificate of Service filed by Smithbridge Guam, Inc. re 69 Alternative Motion for Summary Judgment, or Approval of Good Faith Settlement, for the Dismissal of the Third Party Complaint filed by Smithbridge Guam, Inc. (fad, ) (Entered: 08/15/2009) |
| 08/14/2009 | 73 | Certificate of Service filed by Smithbridge Guam, Inc. re 71 Declaration of Graeme Ridley (related document(s): 69 Alternative Motion for Summary Judgment, or Approval of Good Faith Settlement, for the Dismissal of the Third Party Complaint). (fad, ) (Entered: 08/15/2009) |
| 08/14/2009 | 74 | Certificate of Service filed by Smithbridge Guam, Inc. re 70 Declaration of Counsel filed by Thomas M. Tarpley, Jr. (related document(s): 69 Alternative Motion for Summary Judgment, or Approval of Good Faith Settlement, for the Dismissal of the Third Party Complaint). (fad, ) (Entered: 08/15/2009) |
| 08/26/2009 | 75 | Request for Hearing Under Local Rule 7.1(e)(1), Or, In the Alternative, Motion for Extension of Time to File Response/Reply Under F.R.C.P. 6(b)(1)(A) as to 69 Alternative Motion for Summary Judgment, or Approval of Good Faith Settlement, for the Dismissal of the Third Party Complaint. (fad, ) (Entered: 08/26/2009) |
| 08/26/2009 | 76 | Declaration of Arthur B. Clark filed by GMP Hawaii, Inc., Ohio Pacific Tech, Inc., Lexington Insurance Company, GMP Associates, Inc. re: 75 Request for Hearing Under Local Rule 7.1(e)(1), Or, In the Alternative, Motion for Extension of Time to File Response/Reply Under F.R.C.P. 6(b)(1)(A). (related document(s): 69 Alternative Motion for Summary Judgment, or Approval of Good Faith Settlement, for the Dismissal of the Third Party Complaint). (fad, ) (Entered: 08/26/2009) |
| 08/26/2009 | 77 | Motion and Stipulation to Shorten Time Pursuant to Local Rule 7.1(k) (re 75 Request for Hearing Under Local Rule 7.1(e)(1), Or, In the Alternative, Motion for Extension of Time to File Response/Reply Under F.R.C.P. 6(b)(1)(A). filed by GMP Hawaii, Inc., Ohio Pacific Tech, Inc., Lexington Insurance Company, GMP Associates, Inc. (fad, ) (Entered: 08/26/2009) |
| 08/26/2009 | 78 | Certificate of Service filed by GMP Hawaii, Inc., Ohio Pacific Tech, Inc., Lexington Insurance Company, GMP Associates, Inc. re: 75 Request for Hearing Under Local Rule 7.1(e)(1), Or, In the Alternative, Motion for Extension of Time to File Response/Reply Under F.R.C.P. 6(b)(1)(A), 76 Declaration of Arthur B. Clark, 77 Motion and Stipulation to Shorten Time Pursuant to Local Rule 7.1(k). (fad, ) (Entered: 08/26/2009) |
| 08/27/2009 | 79 | Order granting 75 Motion for Extension of Time to File Response/Reply.Oppositions and responses due by 10/1/2009. Replies shall be filed in accordance with Local Rule 7.1.(d)(2)(B). Signed by Chief Judge Frances M. Tydingco-Gatewood on 8/27/2009. (fad, ) (Entered: 08/27/2009) |
| 09/10/2009 | 80 | Motion for Summary Judgment and Request for Oral Argument filed by U.S. Speciality Insurance Company, Jorgensen and Close Associates, Inc. Responses due by 9/24/2009. Replies due by 10/1/2009. (fad, ) (Entered: 09/10/2009) |
| 09/10/2009 | 81 | Memorandum in Support re: 80 Motion for Summary Judgment and Request for Oral Argument filed by U.S. Speciality Insurance Company, Jorgensen and Close Associates, Inc. (fad, ) (Entered: 09/10/2009) |
| 09/10/2009 | 82 | Declaration of Steven R. Close in Support of 80 Motion for Summary Judgment filed by U.S. Speciality Insurance Company, Jorgensen and Close Associates, Inc. (fad, ) (Entered: 09/10/2009) |
| 09/11/2009 | 83 | Certificate of Service filed by U.S. Speciality Insurance Company, Jorgensen and Close Associates, Inc. re 80 Motion for Summary Judgment and Request for Oral Argument, 81 Memorandum in Support, 82 Declaration of Steven R. Close. (fad, ) (Entered: 09/14/2009) |

| 09/15/2009 | 84 | Stipulation Re Hearing and Briefing Schedule for Related Motions. (related document(s): 80 Motion for Summary Judgment and Request for Oral Argument filed by U.S. Speciality Insurance Company, Jorgensen and Close Associates, Inc. (fad, ) (Entered: 09/17/2009) |
|---|---|---|
| 09/18/2009 | 85 | Notice of Filing of Original Declaration of Steven R. Close filed by U.S. Speciality Insurance Company, Jorgensen and Close Associates, Inc. re 82 Declaration of Steven R. Close (related document(s): 80 Motion for Summary Judgment and Request for Oral Argument). (fad, ) (Entered: 09/18/2009) |
| 09/18/2009 | 86 | Original Declaration of Steven R. Close in Support of Jorgenson and Close Associates' Motion for Summary Judgment. (related document(s): 82 Declaration of Steven R. Close, 80 Motion for Summary Judgment). (fad, ) (Entered: 09/18/2009) |
| 09/22/2009 | 87 | Stipulation for Extension of Deadlines (related document(s): 38 Scheduling Order and Discovery Plan. (fad, ) (Entered: 09/22/2009) |
| 09/24/2009 | 88 | Order granting 84 Stipulation Re Hearing and Briefing Schedule for Related Motions. It is hereby ORDERED that Jorgensen's motion be briefed in accordance with the Court's August 27, 2009 Order. Signed by Chief Judge Frances M. Tydingco-Gatewood on 9/24/2009. (fad, ) **Modified on 9/24/2009 to edit docket text** (fad, ). (Entered: 09/24/2009) |
| 10/01/2009 | 89 | Opposition to 80 Motion for Summary Judgment and Request for Oral Argument filed by Maeda Pacific Corporation. (cbs, ) (Entered: 10/02/2009) |
| 10/01/2009 | 90 | Opposition to 69 Alternative Motion for Summary Judgment, or Approval of Good Faith Settlement, for the Dismissal of the Third Party Complaint filed by Maeda Pacific Corporation. (cbs, ) (Entered: 10/02/2009) |
| 10/01/2009 | 91 | Declaration in Support of Opposition to 80 Motion for Summary Judgment and Request for Oral Argument, and in Support of Opposition to 69 Alternative Motion for Summary Judgment, or Approval of Good Faith Settlement, for the Dismissal of the Third Party Complaint filed by Maeda Pacific Corporation. (cbs, ) (Entered: 10/02/2009) |
| 10/01/2009 | 92 | Declaration of Lawrence J. Teker re 80 Motion for Summary Judgment and Request for Oral Argument, and 69 Alternative Motion for Summary Judgment, or Approval of Good Faith Settlement, for the Dismissal of the Third Party Complaint filed by on behalf of Maeda Pacific Corporation. (Attachments: # 1 Part 2, # 2 Part 3)(cbs, ) (Entered: 10/02/2009) |
| 10/01/2009 | 93 | Certificate of Service filed by Maeda Pacific Corporation re 89 Opposition to 80 Motion for Summary Judgment and Request for Oral Argument, 90 Opposition to 69 Alternative Motion for Summary Judgment, or Approval of Good Faith Settlement, for the Dismissal of the Third Party Complaint, 91 Declaration in Support of Opposition, and 92 Declaration of Lawrence J. Teker. (cbs, ) ***Modified on 10/2/2009 to edit date filed*** (cbs, ). (Entered: 10/02/2009) |
| 10/01/2009 | 94 | Opposition to 80 Motion for Summary Judgment filed by GMP Associates, Inc. (cbs, ) (Entered: 10/02/2009) |
| 10/01/2009 | 95 | Opposition to 69 Alternative Motion for Summary Judgment, or Approval of Good Faith Settlement, for the Dismissal of the Third Party Complaint filed by GMP Associates, Inc. (cbs, ) (Entered: 10/02/2009) |
| 10/01/2009 | 96 | Declaration of James Hoffman, II in Opposition to 69 Alternative Motion for Summary Judgment, and 80 Motion for Summary Judgment filed by GMP Associates, Inc. (cbs, ) (Entered: 10/02/2009) |
| 10/01/2009 | 97 | Motion for Leave to File Portable Document Format ("PDF") Copies Pending Receipt of Original filed by GMP Associates, Inc. (cbs, ) (related document(s): 98 Declaration of Peter B. Melnyk). **Modified on 10/5/2009 to add relation to document no. 98 and to edit docket text** (fad, ). (Entered: 10/02/2009) |
| 10/01/2009 | 98 | Declaration of Peter B. Melnyk in Opposition to 80 Motion for Summary Judgment, 69 Alternative Motion for Summary Judgment, or Approval of Good Faith Settlement, for the Dismissal of the Third Party Complaint. filed by Lexington Insurance Company, GMP Hawaii, Inc., Ohio Pacific Tech, Inc. (Attachments: # 1 Exhibits A-C, # 2 Exhibits D-F, # 3 Exhibit G (Pages 1-10), # 4 Exhibit G (pages 11-18), # 5 Exhibit G (pages 19-23), # 6 Exhibit G (pages 24-33), # 7 Exhibit G (pages 34-39), # 8 Exhibit G (pages 40-45), # 9 Exhibit G (pages 46-49), # 10 Exhibit G (pages 50-53), # 11 Exhibit G (pages 54-61), # 12 Exhibit G (pages 62-69), # 13 Exhibit G (pages 70-76), # 14 Exhibit G (pages 77-84), # 15 Exhibit G (pages 85-91), # 16 Exhibit G (pages 92-98, Olson Eng. Rpt pages 1-A-31), # 17 Exhibit G (Olson Eng. Rpt pages A-32-B-11), # 18 Exhibit G (Olson |

| | | |
|---|---|---|
| | | Eng. Rpt pages B-12-B-19), # 19 Exhibit G (Olson Eng. Rpt pages B-20-B27))(fad, ) (Entered: 10/05/2009) |
| 10/05/2009 | 99 | Certificate of Service filed by Lexington Insurance Company, GMP Hawaii, Inc., Ohio Pacific Tech, Inc. re 94 Opposition to Motion for Summary Judgment, 95 Opposition to Alternative Motion for Summary Judgment, or Approval of Good Faith Settlement, for the Dismissal of the Third Party Complaint, 96 Declaration of James Hoffman, II, 97 Motion for Leave to File Portable Document Format ("PDF") Copies Pending Receipt of Original, 98 Declaration of Peter B. Melnyk. (fad, ) (Entered: 10/05/2009) |
| 10/08/2009 | 100 | Reply re 69 Alternative Motion for Summary Judgment, or Approval of Good Faith Settlement, for the Dismissal of the Third Party Complaint filed by Smithbridge Guam, Inc. (fad, ) (Entered: 10/08/2009) |
| 10/08/2009 | 101 | Reply Declaration of Graeme Ridley re 69 Alternative Motion for Summary Judgment, or Approval of Good Faith Settlement, for the Dismissal of the Third Party Complaint filed by Smithbridge Guam, Inc. (fad, ) (Entered: 10/08/2009) |
| 10/08/2009 | 102 | Certificate of Service filed by Smithbridge Guam, Inc. re 100 Reply. (related document(s): 69 Alternative Motion for Summary Judgment, or Approval of Good Faith Settlement, for the Dismissal of the Third Party Complaint). (fad, ) (Entered: 10/08/2009) |
| 10/08/2009 | 103 | Certificate of Service filed by Smithbridge Guam, Inc. re 101 Reply Declaration of Graeme Ridley. (related document(s): 69 Alternative Motion for Summary Judgment, or Approval of Good Faith Settlement, for the Dismissal of the Third Party Complaint). (fad, ) (Entered: 10/08/2009) |
| 10/08/2009 | 104 | Reply to 94 Opposition (related document(s): 80 Motion for Summary Judgment filed by U.S. Speciality Insurance Company, Jorgensen and Close Associates, Inc. (fad, ) (Entered: 10/09/2009) |
| 10/08/2009 | 105 | Declaration of Joephet R. Alcantara in Support of 80 Motion for Summary Judgment filed by U.S. Speciality Insurance Company, Jorgensen and Close Associates, Inc. (fad, ) (Entered: 10/09/2009) |
| 10/08/2009 | 106 | Certificate of Service filed by U.S. Speciality Insurance Company, Jorgensen and Close Associates, Inc. re: 105 Declaration of Joephet R. Alcantara, 104 Reply. (related document(s): 80 Motion for Summary Judgment). (fad, ) (Entered: 10/09/2009) |
| 10/09/2009 | 107 | Reply to 89 Opposition. (related document(s): 80 Motion for Summary Judgment). Filed by U.S. Speciality Insurance Company, Jorgensen and Close Associates, Inc. (fad, ) (Entered: 10/09/2009) |
| 10/09/2009 | 108 | Certificate of Service filed by U.S. Speciality Insurance Company, Jorgensen and Close Associates, Inc. re 107 Reply to Opposition. (related document(s): 80 Motion for Summary Judgment). (fad, ) (Entered: 10/09/2009) |
| 10/22/2009 | 109 | Order granting 87 Stipulation for Extension of Deadlines. Signed by Magistrate Judge Joaquin V.E. Manibusan, Jr. on 10/22/2009. (fad, ) (Entered: 10/22/2009) |
| 11/25/2009 | 110 | *Jorgensen & Close Associates, Inc. Joinder in 112 Request for Ruling or Hearing; and Alternative Motion for Rule 16 Pretrial Conference* filed by Joephet Rosario Alcantara. **Modified on 11/27/2009 to edit docket text and add relation to document no. 112**(fad, ). (Entered: 11/25/2009) |
| 11/25/2009 | 111 | Order Re: Hearing on Good Faith Settlement Issue; Briefing on Certification. Motion Hearing set for 1/18/2010 at 09:30 AM in 4th Floor Courtroom before Chief Judge Frances M. Tydingco-Gatewood. Any additional affidavits by Smithbridge due by: 12/3/2009. Any other party wishing to file affidavits in response to Smithbridge's affidavits must do so by: 12/10/2009. Proposed certification orders together with any objections due by: 01/11/2010. Signed by Chief Judge Frances M. Tydingco-Gatewood on 11/25/2009. (related document(s): 69 Alternative Motion for Summary Judgment, or Approval of Good Faith Settlement, for the Dismissal of the Third Party Complaint). (fad, ) (Entered: 11/25/2009) |
| 11/25/2009 | 112 | Request for Ruling or Hearing re: 69 Alternative Motion for Summary Judgment, or Approval of Good Faith Settlement, for the Dismissal of the Third Party Complaint. filed by Smithbridge Guam, Inc. (fad, ) (Entered: 11/25/2009) |
| 11/25/2009 | 113 | Certificate of Service filed by Smithbridge Guam, Inc. re 112 Request for Ruling or Hearing (related document(s): 69 Alternative Motion for Summary Judgment, or Approval of Good Faith Settlement, for the Dismissal of the Third Party Complaint). (fad, ) (Entered: 11/25/2009) |
| 11/27/2009 | 114 | Order re: Hearing on Good-Faith Settlement Issue. Evidentiary hearing set for 1/18/2010, is hereby |

| | | |
|---|---|---|
| | | vacated, and re-set for 1/21/2010 at 09:30 AM in 4th Floor Courtroom before Chief Judge Frances M. Tydingco-Gatewood (related documents: 110 Jorgensen & Close Associates, Inc. Joinder, 112 Request for Ruling or Hearing re: 69 Alternative Motion for Summary Judgment, or Approval of Good Faith Settlement, for the Dismissal of the Third Party Complaint. Signed by Chief Judge Frances M. Tydingco-Gatewood on 11/27/2009. (vtk, ) (Entered: 11/27/2009) |
| 12/03/2009 | 116 | Supplemental Declaration of Graeme Ridley re 69 Alternative Motion for Summary Judgment, or Approval of Good Faith Settlement, for the Dismissal of the Third Party Complaint filed by Smithbridge Guam, Inc. (fad, ) (Entered: 12/04/2009) |
| 12/03/2009 | 117 | Certificate of Service filed by Smithbridge Guam, Inc. re 116 Supplemental Declaration of Graeme Ridley (related document(s): 69 Alternative Motion for Summary Judgment, or Approval of Good Faith Settlement, for the Dismissal of the Third Party Complaint). (fad, ) (Entered: 12/04/2009) |
| 12/03/2009 | 118 | Declaration of Randall Todd W. Thompson re 80 Motion for Summary Judgment filed on behalf of U.S. Speciality Insurance Company, Jorgensen and Close Associates, Inc. (fad, ) (Entered: 12/04/2009) |
| 12/03/2009 | 119 | Certificate of Service filed by U.S. Speciality Insurance Company, Jorgensen and Close Associates, Inc. re 118 Declaration of Randall Todd W. Thompson. (related document(s): 80 Motion for Summary Judgment filed on behalf of U.S. Speciality Insurance Company, Jorgensen and Close Associates, Inc.) (fad, ) (Entered: 12/04/2009) |
| 12/04/2009 | 115 | Order granting 97 Motion for Leave to File Portable Document Format ("PDF") Copies Pending Receipt of Original. Signed by Chief Judge Frances M. Tydingco-Gatewood on 12/4/2009 *nunc pro tunc* to 10/1/2009. (fad, ) (Entered: 12/04/2009) |
| 12/10/2009 | 120 | Response to Supplemental Filings of Defendant Jorgensen and Close Associates, Inc. filed by Maeda Pacific Corporation (related documents: 118 Declaration of Randall Todd W. Thompson, 80 Motion for Summary Judgment). (fad, ) (Entered: 12/11/2009) |
| 12/10/2009 | 121 | Supplemental Declaration of Thomas J. Nielsen in Support of Plaintiff's Opposition to Third Party Defendant Smithbridge Guam, Inc.'s and Defendant Jorgensen and Close Associates, Inc.'s Motions for Summary Judgment. (related document(s): 118 Declaration of Declaration of Randall Todd W. Thompson, 80 Motion for Summary Judgment, 120 Response to Supplemental Filings, 69 Alternative Motion for Summary Judgment, or Approval of Good Faith Settlement, for the Dismissal of the Third Party Complaint). filed by Maeda Pacific Corporation. (fad, ) (Entered: 12/11/2009) |
| 12/10/2009 | 122 | Certificate of Service filed by Maeda Pacific Corporation re 121 Supplemental Declaration of Thomas J. Nielsen, 120 Response to Supplemental Filings. (related document(s): 69 Alternative Motion for Summary Judgment, or Approval of Good Faith Settlement, for the Dismissal of the Third Party Complaint), 80 Motion for Summary Judgment). (fad, ) (Entered: 12/11/2009) |
| 12/14/2009 | 124 | Supplemental Declaration of Steven R. Close Re: Good Faith Settlement Hearing (related document(s): 118 Declaration of Randall Todd W. Thompson, 80 Motion for Summary Judgment). filed by U.S. Speciality Insurance Company, Jorgensen and Close Associates, Inc. (fad, ) (Entered: 12/16/2009) |
| 12/14/2009 | 125 | Certificate of Service filed by U.S. Speciality Insurance Company, Jorgensen and Close Associates, Inc. re: 124 Supplemental Declaration of Steven R. Close Re: Good Faith Settlement Hearing (related document(s): 80 Motion for Summary Judgment). (fad, ) (Entered: 12/16/2009) |
| 12/16/2009 | 123 | Order Re: Hearing on Good Faith Settlement Issue. Hearing scheduled for 1/21/2010 vacated and reset to 2/4/2010 at 09:30 AM in 4th Floor Courtroom before Chief Judge Frances M. Tydingco-Gatewood. Signed by Chief Judge Frances M. Tydingco-Gatewood on 12/16/2009. (related document(s): 69 Alternative Motion for Summary Judgment, or Approval of Good Faith Settlement, for the Dismissal of the Third Party Complaint filed by Smithbridge Guam, Inc.) (fad, ) (Entered: 12/16/2009) |
| 12/17/2009 | 128 | Notice to Take Deposition of Smithbridge Guam, Inc. by Lexington Insurance Company, GMP Hawaii, Inc., Ohio Pacific Tech, Inc. (fad, ) (Entered: 12/18/2009) |
| 12/17/2009 | 129 | Notice to Take Deposition of Jim Maguire by Lexington Insurance Company, GMP Hawaii, Inc., Ohio Pacific Tech, Inc.(fad, ) (Entered: 12/18/2009) |
| 12/17/2009 | 130 | Notice to Take Deposition of Jeremias A. Carrera by Lexington Insurance Company, GMP Hawaii, Inc., Ohio Pacific Tech, Inc..(fad, ) (Entered: 12/18/2009) |

Case 1:11-cv-00010   Document 1   Filed 04/12/11   Page 60 of 66

| 12/17/2009 | 131 | Deposition Subpoena Issued as to Jeremias A. Carrera filed by Lexington Insurance Company, GMP Hawaii, Inc., Ohio Pacific Tech, Inc. (fad, ) (Entered: 12/18/2009) |
| 12/18/2009 | 126 | Notice to Take Deposition of Anthony J. Galterio. filed by Janalynn Cruz Damian. (Entered: 12/18/2009) |
| 12/18/2009 | 127 | Notice to Take Deposition of Steven R. Close. filed by Janalynn Cruz Damian. (Entered: 12/18/2009) |
| 12/21/2009 | 132 | Petition to Admit Attorney Pro Hac Vice - Jay D. Trickett (Filing fee $ 250 receipt number GUX004671) filed by Lexington Insurance Company, GMP Hawaii, Inc., Ohio Pacific Tech, Inc.. (fad, ) (Entered: 12/21/2009) |
| 12/21/2009 | 133 | Declaration of Jay D. Trickett in Support of 132 Petition to Admit Attorney Pro Hac Vice filed by Lexington Insurance Company, GMP Hawaii, Inc., Ohio Pacific Tech, Inc. (fad, ) (Entered: 12/21/2009) |
| 12/21/2009 | 134 | Consent to Act as Local Counsel (Arthur B. Clark) filed by Lexington Insurance Company, GMP Hawaii, Inc., Ohio Pacific Tech, Inc. (fad, ) (Entered: 12/21/2009) |
| 12/23/2009 | 135 | Motion to Extend Deadline to Amend Complaint filed by Maeda Pacific Corporation. Responses due by 1/6/2010. Replies due by 1/13/2010. (fad, ) (Entered: 12/23/2009) |
| 12/23/2009 | 136 | Motion for Leave to File Second Amended Complaint filed by Maeda Pacific Corporation. Responses due by 1/6/2010. Replies due by 1/13/2010. (fad, ) (Entered: 12/23/2009) |
| 12/23/2009 | 137 | Certificate of Service filed by Maeda Pacific Corporation re 135 Motion to Extend Deadline to Amend Complaint, 136 Motion for Leave to File Second Amended Complaint. (fad, ) (Entered: 12/23/2009) |
| 12/29/2009 | 138 | Order granting 132 Petition to Admit Attorney Pro Hac Vice. Jay D. Trickett for GMP Hawaii, Inc. dba GMP Associates, Ohio Pacific Tech, Inc. dba GMP Associates, Inc., and Lexington Insurance Company, admitted. Signed by Magistrate Judge Joaquin V.E. Manibusan, Jr. on 12/29/2009. (fad, ) (Entered: 12/29/2009) |
| 01/06/2010 | 139 | Stipulation *to Extend Discovery Deadlines* filed by Arthur B. Clark. (Entered: 01/06/2010) |
| 01/06/2010 | 140 | Opposition re 136 Motion for Leave to File Second Amended Complaint filed by Smithbridge Guam, Inc. (fad, ) (Entered: 01/07/2010) |
| 01/06/2010 | 141 | Declaration of Stevyn Radonich re 136 Motion for Leave to File Second Amended Complaint filed by Smithbridge Guam, Inc. (fad, ) **Modified on 1/7/2010 to edit docket text** (fad, ). (Entered: 01/07/2010) |
| 01/06/2010 | 142 | Certificate of Service filed by Smithbridge Guam, Inc. re: 140 Opposition to 136 Motion for Leave to File Second Amended Complaint filed by Smithbridge Guam, Inc. (fad, ) (Entered: 01/07/2010) |
| 01/06/2010 | 143 | Certificate of Service filed by Smithbridge Guam, Inc. re 141 Declaration of Stevyn Radonic. (related document(s): 136 Motion for Leave to File Second Amended Complaint). (fad, ) (Entered: 01/07/2010) |
| 01/11/2010 | 144 | Order granting 139 Stipulation *to Extend Discovery Deadlines*. Deadline for lay depositions and other non-expert discovery is 3/31/2010. Expert documents and reports due by 4/30/2010. Expert rebuttals due by 5/29/2010. Signed by Magistrate Judge Joaquin V.E. Manibusan, Jr. on 1/11/2010. (fad, ) (Entered: 01/11/2010) |
| 01/11/2010 | 145 | *Jorgensen's [Proposed] Certification Order* filed by Jorgensen and Close Associates, Inc.(a Colorado corporation) (related document: 69 Alternative Motion for Summary Judgment, or Approval of Good Faith Settlement, for the Dismissal of the Third Party Complaint). (Attachments: # 1 Exhibit [Proposed] Order Requesting Answer to Certified Question)(Alcantara, Joephet) **Modified on 1/12/2010 to edit docket text and add relation to document no. 69** (vtk) (Entered: 01/11/2010) |
| 01/11/2010 | 146 | *Certificate of Service* filed by Jorgensen and Close Associates, Inc.(a Colorado corporation) re: 145 Jorgensen'ss [Proposed] Certification Order. (Alcantara, Joephet) (Entered: 01/11/2010) |
| 01/11/2010 | 147 | *Certificate of Service* filed by Thomas M. Tarpley, Jr. (Entered: 01/11/2010) |
| 01/12/2010 | 148 | *Smithbridge Guam Inc.'s [Proposed] Order* (re 69 Alternative Motion for Summary Judgment, or |

| | | |
|---|---|---|
| | | Approval of Good Faith Settlement, for the Dismissal of the Third Party Complaint ) filed by Thomas M. Tarpley, Jr. (Entered: 01/12/2010) |
| 01/12/2010 | 149 | Certificate of Service (re 148 Smithbridge Guam Inc.'s [Proposed] Order (re 69 Alternative Motion for Summary Judgment, or Approval of Good Faith Settlement, for the Dismissal of the Third Party Complaint )) filed by Thomas M. Tarpley, Jr. **Modified on 1/12/2010 to edit docket text and add relation to document no. 69** (vtk) (Entered: 01/12/2010) |
| 01/12/2010 | 150 | Plaintiff Maeda Pacific Corporation's Objections to 145 Jorgensen's [Proposed] Certification Order and [Proposed] Order Requesting Answer to Certified Question. (related document(s) 69 Alternative Motion for Summary Judgment, or Approval of Good Faith Settlement, for the Dismissal of the Third Party Complaint). (Teker, Samuel) **Modified on 1/13/2010 to edit docket text and add document relations.** (jlm) (Entered: 01/12/2010) |
| 01/13/2010 | 151 | Reply to Response re 136 Motion for Leave to File Second Amended Complaint filed by Maeda Pacific Corporation. (Teker, Samuel) (Entered: 01/13/2010) |
| 01/13/2010 | 152 | Plaintiff Maeda Pacific Corporation's Amended (Proposed) Certification Order. (related document (s) 69 Alternative Motion for Summary Judgment, or Approval of Good Faith Settlement, for the Dismissal of the Third Party Complaint) (Teker, Samuel) **Modified on 1/14/2010 to edit docket text and add document relation.** (jlm) (Entered: 01/13/2010) |
| 01/13/2010 | 153 | *Smithbridge's Objection to 152 Plaintiff Maeda Pacific Corporation's Amended (Proposed) Certification Order. (related document(s) 69 Alternative Motion for Summary Judgment, or Approval of Good Faith Settlement, for the Dismissal of the Third Party Complaint) filed by Thomas M. Tarpley, Jr. **Modified on 1/14/2010 to edit docket text and add document relation.** (Entered: 01/13/2010)* |
| 01/13/2010 | 154 | Certificate of Service (re 153 Smithbridge's Objection to 150 Plaintiff Maeda Pacific Corporation's Objections to 145 Jorgensen's [Proposed] Certification Order and [Proposed] Order Requesting Answer to Certified Question) filed by Thomas M. Tarpley, Jr. **Modified on 1/14/2010 to edit docket text and add document relation.** (jlm) (Entered: 01/13/2010) |
| 01/14/2010 | 155 | *PLAINTIFF MAEDA PACIFIC'S OBJECTIONS TO SMITHBRIDGE GUAM, INC.'S PROPOSED CERTIFICATION ORDER AND RESPONSE (re 153 Smithbridge's Objection to Plaintiff Maeda Pacific Corporation's Amended (Proposed) Certificate Order). filed by Phillip Torres. **Modified on 1/20/2010 to edit docket text** (fad, ). (Entered: 01/14/2010)* |
| 01/15/2010 | 156 | *SMITHBRIDGE'S SECOND OBJECTION TO AMENDED PROPOSED CERTIFICATION ORDER AND REPLY TO MAEDA PACIFIC CORPORATION'S RESPONSE (re 155 Plaintiff Maeda Pacific's Objections to Smithbridge Guam, Inc.'s Proposed Certification Order and Response) filed by Thomas M. Tarpley, Jr. **Modified on 1/20/2010 to edit docket text** (fad, ). (Entered: 01/15/2010)* |
| 01/15/2010 | 157 | Certificate of Service filed by Smithbridge Guam, Inc. re 156 *SMITHBRIDGE'S SECOND OBJECTION TO AMENDED PROPOSED CERTIFICATION ORDER AND REPLY TO MAEDA PACIFIC CORPORATION'S RESPONSE (re 155 Plaintiff Maeda Pacific's Objections to Smithbridge Guam, Inc.'s Proposed Certification Order and Response ) filed by Thomas M. Tarpley, Jr.. (Tarpley, Thomas) **Modified on 1/20/2010 to edit docket text** (fad, ). (Entered: 01/15/2010)* |
| 01/15/2010 | 158 | *SMITHBRIDGE'S SECOND OBJECTION TO AMENDED PROPOSED CERTIFICATION ORDER AND REPLY TO MAEDA PACIFIC CORPORATION'S RESPONSE (re 155 Plaintiff Maeda Pacific's Objections to Smithbridge Guam, Inc.'s Proposed Certification Order and Response) filed by Thomas M. Tarpley, Jr. **Modified on 1/20/2010 to edit docket text** (fad, ). (Entered: 01/15/2010)* |
| 01/19/2010 | 159 | Response to Proposed Certified Questions and Objections re 145 Jorgensen's [Proposed] Certification Order. filed by U.S. Speciality Insurance Company, Jorgensen and Close Associates, Inc. (fad, ) (Entered: 01/20/2010) |
| 01/19/2010 | 160 | Certificate of Service filed by U.S. Speciality Insurance Company, Jorgensen and Close Associates, Inc. re 159 Response to Proposed Certified Questions and Objections re 145 Jorgensen's [Proposed] Certification Order. (fad, ) (Entered: 01/20/2010) |
| 02/04/2010 | 161 | Minute Entry for proceedings held before Chief Judge Frances M. Tydingco-Gatewood: Motion Hearing held on 2/4/2010 re 69 Alternative Motion for Summary Judgment, or Approval of Good Faith Settlement Dismissal of the Third Party Complaint filed by Smithbridge Guam, Inc. Motion |

| | | |
|---|---|---|
| | | under advisement. (Court Reporter Wanda Miles.) (Start Time: 9:41-11:08, 11:24-1:08, End Time: 2:23-4:08.) (fad, ) (Entered: 02/08/2010) |
| 02/08/2010 | | Motions Taken Under Advisement: 69 Alternative Motion for Summary Judgment, or Approval of Good Faith SettlementDismissal of the Third Party Complaint. (fad, ) (Entered: 02/08/2010) |
| 02/11/2010 | 162 | Notice to Take Deposition of Anthony J. Galterio by Lexington Insurance Company, Ohio Pacific Tech, Inc., GMP Associates, Inc. (fad, ) (Entered: 02/12/2010) |
| 02/11/2010 | 163 | Notice to Take Deposition of Steven R. Close by Lexington Insurance Company, Ohio Pacific Tech, Inc., GMP Associates, Inc. (fad, ) (Entered: 02/16/2010) |
| 02/16/2010 | 165 | Certificate of Service filed by Lexington Insurance Company, Ohio Pacific Tech, Inc., GMP Associates, Inc. re 162 Notice to Take Deposition of Anthony J. Galterio, 163 Notice to Take Deposition of Steven R. Close. (fad, ) (Entered: 02/18/2010) |
| 02/17/2010 | 164 | Transcript Order Form filed by Maeda Pacific Corporation for proceedings held on 2/4/2010 before Chief Judge Tydingco-Gatewood. (fad, ) (Entered: 02/18/2010) |
| 02/19/2010 | 166 | Notice to Take Deposition of Peter Melnyk by Maeda Pacific Corporation.(Teker, Samuel) (Entered: 02/19/2010) |
| 02/23/2010 | 167 | Opinion and Order Re: Motion for Approval of Good-Faith Settlement. The Court hereby GRANTS the Smithbridge motion but DENIES the J&CA motion, insofar as they seek approval of any purported good-faith settlement of claims. The court will resolve the remaining parts of the J&CA motion forthwith. (related document(s): 69 Alternative Motion for Summary Judgment, or Approval of Good Faith Settlement, for the Dismissal of the Third Party Complaint filed by Smithbridge Guam, Inc., 80 Motion for Summary Judgment filed by U.S. Speciality Insurance Company, Jorgensen and Close Associates, Inc.) Signed by Chief Judge Frances M. Tydingco-Gatewood on 2/23/2010. (fad, ) (Entered: 02/23/2010) |
| 02/24/2010 | 168 | Notice of Entry re 167 Opinion and Order Re: Motion for Approval of Good-Faith Settlement. (fad, ) (Entered: 02/24/2010) |
| 03/01/2010 | 169 | Transcript of Proceedings held on February 4, 2010 before Judge Chief Judge Frances M. Tydingco-Gatewood. Court Reporter: Wanda M. Miles. Redaction Request due 3/22/2010. Redacted Transcript Deadline set for 4/1/2010. Release of Transcript Restriction set for 6/1/2010. (Attachments: # 1 Transcript pp. 80-158 (Part 2 of 3), # 2 Transcript pp. 159-238 (Part 3 of 3)) (fad, ) (Entered: 03/01/2010) |
| 03/01/2010 | 170 | Notice of Filing of 169 Official Transcript. (fad, ) (Entered: 03/01/2010) |
| 03/12/2010 | 171 | Petition for Admission Pro Hac Vice - T.A. LARKIN. filed by Maeda Pacific Corporation. (Teker, Samuel) **Modified on 3/15/2010 to correct docket event and edit docket text **(fad, ). (Entered: 03/12/2010) |
| 03/12/2010 | 172 | Declaration of Thomas A. Larkin (re 171 Petition for Admission Pro Hac Vice - T.A. LARKIN filed by Maeda Pacific Corporation. (Teker, Samuel) ) filed by Maeda Pacific Corporation. (Teker, Samuel) **Modified on 3/15/2010 to edit docket text** (fad, ). (Entered: 03/12/2010) |
| 03/12/2010 | 173 | Consent of Samuel S. Teker to Designation of Local Counsel in Support of 171 Petition for Admission Pro Hac Vice - T.A. LARKIN filed by Maeda Pacific Corporation. (Teker, Samuel) (Teker, Samuel) **Modified on 3/15/2010 to edit docket text** (fad, ). (Entered: 03/12/2010) |
| 03/15/2010 | | Filing fee: $250.00, receipt number GUX004928 re: 171 Petition for Admission Pro Hac Vice - T.A. LARKIN. (fad, ) (Entered: 03/15/2010) |
| 03/17/2010 | 174 | Notice to Take Deposition of JOHN TAITANO. by Maeda Pacific Corporation. (Entered: 03/17/2010) |
| 03/24/2010 | 175 | Notice to Take Deposition of Thomas R. Nielson by GMP Hawaii, Inc..(Trickett, Jay) (Entered: 03/24/2010) |
| 03/24/2010 | 176 | Notice to Take Deposition of Eddie S. Tanghal by GMP Hawaii, Inc..(Trickett, Jay) (Entered: 03/24/2010) |
| 03/24/2010 | 177 | Notice to Take Deposition of Nonie Amar by GMP Hawaii, Inc..(Trickett, Jay) (Entered: 03/24/2010) |
| | | |

https://ecf.gud.uscourts.gov/cgi-bin/DktRpt.pl?108411198018336-L_674_0-1　　　　　　　　　　4/4/2011

| 03/24/2010 | 178 | Notice to Take Deposition of William B. Flores by GMP Hawaii, Inc..(Trickett, Jay) (Entered: 03/24/2010) |
| 03/24/2010 | 179 | Certificate of Service filed by GMP Hawaii, Inc. re 177 Notice to Take Deposition of Nonie Amar by GMP Hawaii, Inc..(Trickett, Jay), 176 Notice to Take Deposition of Eddie S. Tanghal by GMP Hawaii, Inc..(Trickett, Jay), 175 Notice to Take Deposition of Thomas R. Nielson by GMP Hawaii, Inc..(Trickett, Jay), 178 Notice to Take Deposition of William B. Flores by GMP Hawaii, Inc.. (Trickett, Jay). (Trickett, Jay) (Entered: 03/24/2010) |
| 03/31/2010 | 180 | Order granting 171 Petition to Admit Attorney Pro Hac Vice. Thomas A. Larkin for Maeda Pacific Corporation admitted. Signed by Magistrate Judge Joaquin V.E. Manibusan, Jr on 3/31/2010. (fad, ) (Entered: 03/31/2010) |
| 04/01/2010 | 181 | Certification Order; Request for Answers to Certified Questions of Law. Signed by Chief Judge Frances M. Tydingco-Gatewood on 4/1/2010. (fad, ) (Entered: 04/01/2010) |
| 04/01/2010 | 182 | Order Re: Costs of Filing Certified Questions. Maeda Pacific Corporation and Jorgenson & Close Associates directed to each pay $125.00 directly to the Supreme Court of Guam. (related document (s): 181 Certification Order; Request for Answers to Certified Questions of Law). Signed by Chief Judge Frances M. Tydingco-Gatewood on 4/1/2010. (fad, ) (Entered: 04/01/2010) |
| 04/01/2010 |  | Court Certificate of Service re 181 Certification Order; Request for Answers to Certified Questions of Law.<br>**Assigned Supreme Court Case No. is CRQ10-001**<br>(fad, ) (Entered: 04/01/2010) |
| 04/13/2010 | 183 | Order Re: Electronic Transmission of Record. The Clerk of Court is ORDERED to electronically file a copy of the record in this case with the Supreme Court of Guam. Signed by Chief Judge Frances M. Tydingco-Gatewood on 4/13/2010. (fad, ) (Entered: 04/13/2010) |
| 04/14/2010 | 184 | Answer to Interrogatories from Lexington Insurance Company by Lexington Insurance Company. (Trickett, Jay) (Entered: 04/14/2010) |
| 04/14/2010 | 185 | Response to Discovery Request from Lexington Insurance Company by Lexington Insurance Company.(Trickett, Jay) (Entered: 04/14/2010) |
| 04/14/2010 | 186 | Certificate of Service filed by Lexington Insurance Company re 184 Answer to Interrogatories from Lexington Insurance Company by Lexington Insurance Company.(Trickett, Jay), 185 Response to Discovery Request from Lexington Insurance Company by Lexington Insurance Company.(Trickett, Jay). (Trickett, Jay) (Entered: 04/14/2010) |
| 04/14/2010 | 187 | Notice of Electronic Filing of Certificate of Record with the Supreme Court of Guam. (re 183 Order Re: Electronic Transmission of Record). (fad, ) (Entered: 04/14/2010) |
| 05/12/2010 | 188 | *Jorgensen & Close Associates, Inc. and U.S. Specialty Ins. Co.'s Disclosure of Expert Witness and Report* filed by Jorgensen and Close Associates, Inc.(a Colorado corporation). (Thompson, Randall Todd) (Entered: 05/12/2010) |
| 05/12/2010 | 189 | Certificate of Service filed by Jorgensen and Close Associates, Inc.(a Colorado corporation) re 188 *Jorgensen & Close Associates, Inc. and U.S. Specialty Ins. Co.'s Disclosure of Expert Witness and Report* filed by Jorgensen and Close Associates, Inc.(a Colorado corporation). (Thompson, Randall Todd). (Thompson, Randall Todd) (Entered: 05/12/2010) |
| 05/17/2010 | 190 | Designation and Disclosure of Witness filed by Smithbridge Guam, Inc.. (Tarpley, Thomas) **Modified on 5/17/2010 to edit docket text**(fad, ). (Entered: 05/17/2010) |
| 05/17/2010 | 191 | Certificate of Service filed by Smithbridge Guam, Inc. re 190 Witness List filed by Smithbridge Guam, Inc.. (Tarpley, Thomas). (Tarpley, Thomas) (Entered: 05/17/2010) |
| 06/10/2010 | 192 | Order Re: Hearing on Third-Party Beneficiary Issue. Hearing on Jorgensen and Close Associates' 80 Motion for Summary Judgment set for 7/29/2010 at 09:30 AM in 4th Floor Courtroom before Chief Judge Frances M. Tydingco-Gatewood. Signed by Chief Judge Frances M. Tydingco-Gatewood on 6/10/2010. (fad, ) (Entered: 06/10/2010) |
| 06/17/2010 | 193 | *Joint Request for Scheduling Conference.* (Teker, Samuel). (Entered: 06/17/2010) |
| 06/28/2010 | 194 | Motion for Leave to File *FRCP 56(e) Supplement to the Summary Judgment Record* by Maeda Pacific Corporation. (related document(s): 80 Motion for Summary Judgment). **Modified on 7/1/2010 to add relation to document no. 80**(fad, ). (Entered: 06/28/2010) |

| 06/28/2010 | 195 | STRICKEN PER ORDER DATED 07/12/2010.*FRCP 56(e) Supplement to the Summary Judgment Record* by Maeda Pacific Corporation. (related document(s): 80 Motion for Summary Judgment, 194 Motion for Leave to File FRCP 56(e) Supplement to the Summary Judgment Record). **Modified on 7/1/2010 to add relation to document nos. 80 and 194**. (Additional attachment(s) added on 7/15/2010: # 1 Main Document) (fad, ). **Modified on 7/15/2010 to edit docket text**(fad, ). (Additional attachment(s) added on 7/15/2010: # 2 STRICKEN) (fad, ). (Entered: 06/28/2010) |
|---|---|---|
| 06/28/2010 | 196 | Declaration *of Thomas A. Larkin* re 195 FRCP 56(e) Supplement to the Summary Judgment Record, 194 Motion for Leave to File *FRCP 56(e) Supplement to the Summary Judgment Record*, 80 Motion for Summary Judgment. **Modified on 7/1/2010 to add relation to document no. 80** (fad, ). (Entered: 06/28/2010) |
| 06/28/2010 | 197 | *Supplemental Declaraton of Thomas A. Larkin in Support of Maeda's Opposition* (re 195 FRCP 56 (e) Supplement to the Summary Judgment Record by Maeda Pacific Corporation, 194 Motion for Leave to File *FRCP 56(e) Supplement to the Summary Judgment Record*, 196 Declaration *of Thomas A. Larkin*, 80 Motion for Summary Judgment) by Maeda Pacific Corporation. **Modified on 7/1/2010 to add relation to document no. 80**(fad, ). (Entered: 06/28/2010) |
| 07/02/2010 | 198 | PORTIONS OF RECORD STRICKEN PER ORDER DATED 07/12/2010.Qualified Non-Opposition to Maeda's 194 Motion for Leave to File *FRCP 56(e) Supplement to the Summary Judgment Record* filed by Jorgensen and Close Associates, Inc., U.S. Speciality Insurance Company. (related document(s): 80 Motion for Summary Judgment). (fad, ) (Additional attachment (s) added on 7/20/2010: # 1 Unredacted) (fad, ). (Entered: 07/06/2010) |
| 07/02/2010 | 199 | Declaration of Randall Todd Thompson [authenticating Tr. Excerpts]. (related document(s): re 194 Motion for Leave to File *FRCP 56(e) Supplement to the Summary Judgment Record*, 80 Motion for Summary Judgment. filed by Jorgensen and Close Associates, Inc., U.S. Speciality Insurance Company. (fad, ) (Entered: 07/06/2010) |
| 07/02/2010 | 200 | Certificate of Service filed by Jorgensen and Close Associates, Inc., U.S. Speciality Insurance Company re 199 Declaration of Randall Todd Thompson [authenticating Tr. Excerpts], 198 Qualified Non-Opposition to Maeda's 194 Motion for Leave to File *FRCP 56(e) Supplement to the Summary Judgment Record* filed by Jorgensen and Close Associates, Inc., U.S. Speciality Insurance Company. (related document(s): 80 Motion for Summary Judgment). (fad, ) (Entered: 07/07/2010) |
| 07/12/2010 | 201 | Order granting 194 Motion for Leave to File FRCP 56(e) Supplement to the Summary Judgment Record to the extent that Docket Nos. 196 and 197 are now part of the summary judgment record. Docket No. 195 FRCP 56(e) Supplement to the Summary Judgment Record by Maeda Pacific Corporation is stricken. Jorgensen and Close Associates, Inc.'s motion 198 is granted to the extent that Docket No. 199 is now part of the summary judgment record. The text of Docket No. 198 from line 10 on page 2 through line 3 on page 4 is stricken. No further supplements to the summary judgment record shall be allowed. Signed by Chief Judge Frances M. Tydingco-Gatewood on 7/12/2010 (related document: 80 Motion for Summary Judgment). (vtk, ) (Entered: 07/12/2010) |
| 07/29/2010 | 202 | Minute Entry for proceedings held before Chief Judge Frances M. Tydingco-Gatewood: Motion Hearing held on 7/29/2010 re 80 Motion for Summary Judgment and Request for Oral Argument filed by Jorgensen and Close Associates, Inc., U.S. Speciality Insurance Company. Motion under advisement. (Court Reporter Wanda Miles) (Start Time: 9:38, End Time: 10:50.) (fad, ) (Entered: 07/29/2010) |
| 07/29/2010 | | Motions Taken Under Advisement: 80 Motion for Summary Judgment and Request for Oral Argument. (fad, ) (Entered: 07/29/2010) |
| 08/06/2010 | 203 | Opinion and Order GRANTING 80 Motion for Summary Judgment insofar as it seeks summary judgment in J&CA's favor on Maeda's contract claim. In view of the certified question pending before the Supreme Court of Guam, the court also VACATES the trial date in this case, as well as all related dates for pretrial conferences, scheduling conferences, and the like. The court ORDERS Maeda to file a status report on this case on 11/5/2010 and every three months thereafter, advising the court on the status of the certified question in the Supreme Court. Once the Supreme Court has answered the certified question, Maeda shall so advise the court, at which time this court will re-set the case for trial. Signed by Chief Judge Frances M. Tydingco-Gatewood on 8/6/2010. (fad, ) (Entered: 08/06/2010) |
| 09/13/2010 | 204 | Order finding as moot 193 Joint Request for Scheduling Conference. Signed by Magistrate Judge Joaquin V.E. Manibusan, Jr. on 9/13/2010. (fad, ) (Entered: 09/13/2010) |

| 11/05/2010 | 205 | Status Report by Maeda Pacific Corporation. (Entered: 11/05/2010) |
| 11/24/2010 | 206 | Entry of Appearance filed by Thomas C. Sterling on behalf of Lexington Insurance Company (Sterling, Thomas) (Entered: 11/24/2010) |
| 02/04/2011 | 207 | Status Report. (Teker, Samuel) (Entered: 02/04/2011) |

| PACER Service Center | | |
|---|---|---|
| Transaction Receipt | | |
| 03/15/2011 06:08:53 | | |
| PACER Login: | | Client Code: |
| Description: | Docket Report | Search Criteria: | 1:08-cv-00012 |
| Billable Pages: | 23 | Cost: | 1.84 |